CITY OF MADISON, a municipal corporation of Dane County, Wisconsin, Petitioner-Appellant,

BOARD OF POLICE AND FIRE COMMISSIONERS OF the CITY OF MADISON, Intervenor-Petitioner,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION, and IAFF Local 311, Respondents-Respondents.

Supreme Court

*No. 99–0500. Oral argument February 22, 2000.—Decided May 12, 2000.*

2000 WI 39

(Also reported in 610 N.W.2d 94.)

For the intervenor-petitioner there were briefs by *Scott N. Herrick* and *Herrick, Kasdorf, Dymzarov & Twietmeyer*, Madison, and oral argument by *Scott N. Herrick*.

For the respondent-respondent, IAFF Local 311, there was a brief by *John C. Talis* and *Shneidman, Myers, Dowling, Blumenfield, Ehlke, Hawks & Domer*, Madison, and oral argument by *John C. Talis*.

¶ 1.   N. PATRICK CROOKS, J.   Petitioner, the Board of Police and Fire Commissioners of the City of Madison (PFC), seeks review of a court of appeals order that denied the PFC's petition to intervene in an appeal. *City of Madison, Wisconsin v. Wisconsin*

*Employment Relations Comm'n and IAFF Local 311,*
No. 99-0500 (Ct. App. May 11, 1999)(order denying
motion to intervene). The court of appeals denied the
PFC's petition to intervene, holding it could not grant
the petition since the PFC failed to file a timely notice
of appeal. We reverse the court of appeals. Under Wis.
Stat. § (Rule) 803.09 (1997–98),[1] a non-party to a cir-
cuit court action may intervene in an appeal brought by
another party, even after the time for filing a notice of
appeal has passed. We remand this case to the court of
appeals to determine whether it will grant the PFC's
petition to intervene.

## I.

¶ 2.    This case arises from an action relating to a
Madison fire department employee who was removed
from his position as Apparatus Engineer, after he had
been promoted to that position less than a year before.[2]
The employee did not receive a hearing at the time of
his removal by the Chief of the Madison Fire
Department.

¶ 3.    On December 15, 1995, IAFF Local 311 (the
union) requested a hearing before the PFC. The PFC is
a board authorized by statute to hire, promote, and
discipline police and fire department officers. Wis.
Stat. § 62.13(1)–(5). The PFC refused to conduct a hear-
ing at the union's request because in the PFC's opinion,
the employee's promotion was not complete at the time
of his removal, and therefore, the employee was not
demoted. Since the employee was not demoted, his

---

[1] All subsequent references to the Wisconsin Statutes are to
the 1997–98 text unless otherwise noted.

[2] The employee was subject to a one-year probation period
before the promotion became permanent.

removal from the position was not subject to a hearing under § 62.13, according to the PFC.

¶ 4.  The union then filed a grievance with the city pursuant to its collective bargaining agreement. The collective bargaining agreement states that grievances are subject to final and binding arbitration.[3] When the grievance was not resolved, the union attempted to arbitrate. The city would not arbitrate, however, and the union filed a complaint with the Wisconsin Employment Relations Commission (WERC). The complaint alleged that the city violated Wis. Stat. § 111.70(3)(a)5 in refusing to arbitrate the grievance. A WERC examiner determined that the grievance was arbitrable. The city appealed WERC's decision to both the full Commission and the circuit court, but in both instances, the WERC decision was affirmed.[4]

¶ 5.  On February 19, 1999, the city filed a notice of appeal with the court of appeals. The PFC moved to intervene in the appeal on April 29, 1999, according to Wis. Stat. § (Rule) 809.13.[5] The court of appeals denied the petition to intervene, holding that

> [t]he time for filing a notice of appeal has expired. In *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341,

---

[3] The PFC is not a party to the collective bargaining agreement.

[4] The PFC was not involved as a party in this litigation.

[5] While the PFC petitioned to intervene under Wis. Stat. § (Rule) 809.13, it recognized that the appellate intervention statute incorporates by reference Wis. Stat. § (Rule) 803.09, the general intervention statute. The PFC argued that it could intervene as a matter of right under § (Rule) 803.09(1), but it also stated that its "analysis of WS 803.09(2) [permissive intervention] demonstrates that the factors identified in the Rules of Appellate Procedure to guide the Court's discretion would fully support intervention if they were to be applied."

347, 501 N.W.2d 465 (Ct. App. 1993), this court held that it could not grant intervention to one aggrieved by the trial court's final order, who failed to file a timely notice of appeal.

*City of Madison*, No. 99–0500 (Ct. App. May 11, 1999)(order denying motion to intervene).

¶ 6. This court granted the PFC's petition for review on September 28, 1999.

## II.

¶ 7. The issue in this case, whether a non-party can intervene in an appeal after the time for filing a notice of appeal has ended, requires us to interpret Wis. Stat. § (Rule) 809.13. We review a question of rule interpretation *de novo*. *City of West Allis v. Sheedy*, 211 Wis. 2d 92, 96, 564 N.W.2d 708 (1997). "The goal of rule interpretation, like that of statutory interpretation is to give effect to the intent of the enacting body." *Id*. We first examine the plain language of the statute. *Elections Board v. WMC*, 227 Wis. 2d 650, 661, 597 N.W.2d 721 (1999)(citations omitted). If the language of the statute is capable of only one interpretation, we use that meaning. *Id*. at 662.

¶ 8. We conclude that under the plain language of Wis. Stat. § (Rule) 809.13, a non-party may intervene in an appeal after the time for filing a notice of appeal has ended. Section 809.13—Intervention—states:

> A person not a party to an appeal may file in the court a petition to intervene in the appeal. A party may file a response to the petition within seven (7) days after service of the petition. The court may

> grant the petition upon a showing that the peti-
> tioner's interest meets the requirements of s.
> 803.09(1) or (2).

This language clearly indicates that a non-party may intervene in an appeal, as long as the non-party meets the requirements of the general intervention statute, Wis. Stat. § (Rule) 803.09. We therefore find guidance in cases interpreting § (Rule) 803.09.

¶ 9. Citing *Weina v. Atlantic Mut. Ins. Co.*, 177 Wis. 2d 341, 347, 501 N.W.2d 465 (Ct. App. 1993), the court of appeals held that the PFC failed to file a timely petition for intervention. *City of Madison*, No. 99–0500 (Ct. App. May 11, 1999)(order denying motion to intervene). We disagree. In *Weina*, the defendant, Lovdahl, and his insurer, Safeco, did not file a cross-claim against the other co-defendants in the action. 177 Wis. 2d at 344. The circuit court granted the co-defendants' motion for summary judgment, but denied Lovdahl and Safeco's summary judgment motion. *Id.* When the plaintiffs appealed the circuit court's decision, Lovdahl and Safeco attempted to intervene in the appeal, or alternatively, to file a non-party brief. *Id.* at 343–44. The court of appeals held that either by intervening or by filing a non-party brief, the parties could circumvent the jurisdictional time limit for filing a notice of appeal. *Id.* at 347 (citing Wis. Stat. § (Rule) 809.10(1)(b); *La Crosse Trust Co. v. Bluske*, 99 Wis. 2d 427, 428, 299 N.W.2d 302 (Ct. App. 1980)). As such, the court of appeals denied Lovdahl and Safeco's motions. *Id.*

¶ 10. In this case, the PFC moved to intervene in the appeal on April 29, 1999, approximately two months after the city filed its notice of appeal. The statutory time period to file a notice of appeal is 45 days where notice of the entry of judgment is given. Wis. Stat. § 808.04(1); *Weina*, 177 Wis. 2d at 344–45. While

the PFC failed to intervene within the statutory time period to appeal, an intervenor such as the PFC does not have to file a motion to intervene within a statutorily set time period. *State ex rel. Bilder v. Township of Delavan,* 112 Wis. 2d 539, 550, 334 N.W.2d 252 (1983) (stating that "[t]here is no precise formula to determine whether a motion to intervene is timely"). Moreover, the movants at issue in *Weina* are distinguishable because they were *parties* to the circuit court action. Here, the PFC was *never a party* at the circuit court level. Therefore, we do not find the analysis in *Weina* helpful in this case.

¶ 11. While there is little Wisconsin case law interpreting Wis. Stat. § (Rule) 809.13, the contours of Wis. Stat. § (Rule) 803.09[6] are well defined.[7] Subsection (1) of the statute relates to intervention as a

---

[6] **Wisconsin Stat. § 803.09 Intervention.**

**(1)** Upon timely motion anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

**(2)** Upon timely motion anyone may be permitted to intervene in an action when a movant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order or rule administered by a federal or state governmental officer or agency or upon any regulation, order, rule, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely motion may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

matter of right.[8] Wis. Stat. § (Rule) 803.09(1). A movant must meet four requirements to intervene as a matter of right: 1) the motion to intervene must be

> (3) A person desiring to intervene shall serve a motion to intervene upon the parties as provided in s. 801.14. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

[7] Intervention is defined as "[t]he entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Black's Law Dictionary*, 826 (7th ed. 1999). *See also* 2 Callaghan's *Wisconsin Pleading and Practice* § 13.39 (4th ed. 1996). In Wisconsin, intervention is a product of statutory creation, not the common law. *White House Milk Co. v. Thomson*, 275 Wis. 243, 247, 81 N.W.2d 725 (1957). The history of intervention is worth noting:

> The word 'intervenor' is derived from the civil law, in which it signifies the process by which, when an action is pending between two parties, a third person is allowed to interpose for the assertion of some collateral, implicit or ulterior right adverse to that of either or both of the parties. The intervener [sic] thus came in between (inter venire), and differed from one who was interpleaded, or brought in at the instance of a defendant, and from one who was impleaded, or joined at the plaintiff's instance.

*Wisconsin Pleading and Practice* at § 13.39.

[8] A person may intervene as a matter of right when he or she needs to protect a right that would not otherwise be protected in the litigation. *White House Milk*, 275 Wis. at 247. Those individuals may intervene as a matter of right because they are necessary parties to the action. *Id.* Intervention as a matter of right may also be compared to "joinder of persons needed for just and complete adjudication" under Wis. Stat. § (Rule) 803.03(1)(b)1, which states that a person shall be joined if their ability to protect their interests will be impaired in their absence from litigation. *See also Wisconsin Pleading and Practice* at § 13.39 n.17.

timely; 2) the movant must claim an interest[9] in the subject of the action; 3) "the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest;" and 4) the existing parties do not adequately represent the movant's interest.[10] *Armada Broad., Inc. v. Stirn*, 183 Wis. 2d 463, 471, 516 N.W.2d 357 (1994). Subsection (2) relates to permissive intervention,[11] and states that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The court of appeals on remand must deter-

---

[9] "The interest which entitles one to intervene in a suit between other parties must be an interest of such direct and immediate character that the intervenor will either gain or lose by the direct operation of the judgment." *Lodge 78, Int'l Ass'n of Machinists v. Nickel*, 20 Wis. 2d 42, 46, 121 N.W.2d 297 (1963).

[10] A court's exercise of discretion is certainly involved in its decision on intervention. While Wis. Stat. § (Rule) 803.09(1) pertains to intervention as a matter of right, we note that a court, in making the determination concerning a petition or motion to intervene, must necessarily weigh the evidence on these factors. In *Armada Broadcasting, Inc. v. Stirn*, 183 Wis. 2d 463, 471, 516 N.W.2d 357 (1994), for instance, we stated that "[t]he question of timeliness is left to the discretion of the. . .court." Further, when determining whether permissive intervention is appropriate under Wis. Stat. § (Rule) 803.09(2), the requirement concerning undue prejudice is to be determined by the court in an exercise of its discretion. *Id.* at 471 n.2.

[11] While intervention as a matter of right requires a person to be necessary to the adjudication of the action, permissive intervention requires a person to be merely a proper party. *White House Milk*, 275 Wis. at 247. It is within a court's discretion to decide whether a party may permissively intervene. *See id.* at 248; *Wisconsin Pleading and Practice*, § 13.39 at n.15. *Compare* Wis. Stat. § 803.04—Permissive joinder of parties.

mine whether the PFC has the right to intervene in this appeal, or if the PFC may permissively intervene.

### III.

¶ 12.   We conclude that under Wis. Stat. § (Rule) 803.09, a non-party to a circuit court action may intervene in an appeal brought by another party, even after the time for filing a notice of appeal has passed. We therefore remand this case to the court of appeals to determine whether the PFC may intervene in the city's appeal. In exercising its discretion based on the case law, the court of appeals will ascertain whether the PF C may intervene as a matter of right according to § (Rule) 803.09(1), or permissively intervene according to § (Rule) 803.09(2).

*By the Court.*—The decision of the court of appeals is reversed.