Robert ZELLNER, Plaintiff-Respondent,

v.

Daryl HERRICK and Cedarburg School District,
Defendants-Respondents,

Heidi MORGAN, Intervenor-Appellant.

Supreme Court

*No. 2007AP2584. Oral argument April 22, 2009.
—Decided July 15, 2009.*

2009 WI 80

(Also reported in 770 N.W.2d 305.)

For the intervenor-appellant there were briefs by *Joseph Louis Olson, Aaron H. Kastens,* and *Michael Best & Friedrich LLP,* Milwaukee, and oral argument by *Joseph Louis Olson.*

For the plaintiff-respondent there was a brief by *Jina L. Jonen* and the *Wisconsin Education Association Council,* Madison, and oral argument by *Jina L. Jonen.*

An amicus curiae brief was filed by *Richard Thal, Heather L. Curnutt,* and *Lawton & Cates, S.C.,* Madison, on behalf of Wisconsin State Employees Union, AFSCME, Council 24 and Madison Teachers Inc.

¶ 1. N. PATRICK CROOKS, J. This case is before the court on certification from the court of appeals pursuant to Wis. Stat. § 809.61 (2005–06).[1]

¶ 2. This review arises from a request made under Wisconsin's Open Records Law, Wis. Stat. § 19.35, for the public release of a transcript of a closed arbitration hearing. The plaintiff, Robert Zellner (Zellner), the former teacher whose firing was at issue in the arbitration hearing, sued the Cedarburg School Board to prevent the release of the transcript.

¶ 3. The circuit court issued an order enjoining the transcript's release. The person requesting the

---

[1] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

transcript, Heidi Morgan (Morgan), filed notice to intervene, as Wis. Stat. § 19.356(4) authorizes, and appealed. The court of appeals denied Zellner's motion to dismiss on grounds that the appeal was not timely filed and subsequently certified two questions to this court: whether a transcript of a closed arbitration proceeding is a public record under Wisconsin's "public records" law, and, if so, whether all personal and medical information must be redacted before release. Zellner's contention that Morgan's appeal was untimely was not certified to this court. In this court's standard order accepting the certification, we stated that "the appeal is accepted for consideration of all issues raised before the court of appeals." *See State v. Stoehr*, 134 Wis. 2d 66, 70, 396 N.W.2d 177 (1986) ("When this court grants direct review upon certification, it acquires jurisdiction of the appeal, which includes all issues, not merely the issues certified or the issue for which the court accepts the certification." (citing Wis. Stat. § 808.05(2) (1983–84))).

¶ 4. For the reasons stated below, we now hold that the court of appeals erred when it found the appeal timely under Wis. Stat. § 19.356(8), which requires that an appeal of a decision relating to an open records request be filed in "the time period specified in s. 808.04(1m)." The time period specified in that statute is 20 days. Because the appeal was filed outside the 20–day period, there was no jurisdiction for the court of appeals to review. Since the appeal was not timely, we do not reach the certified questions.

## I. BACKGROUND

¶ 5. The circumstances of this case have given rise to litigation on several distinct issues not relevant to this appeal. The litigation from which this appeal arises is based on the following facts:

¶ 6. First, the Cedarburg School Board fired Zellner—a teacher with the Cedarburg School District (the District) and a union official who had been highly critical of the superintendent—on the grounds that Zellner's accessing pornography on a school computer constituted just cause for his termination. The Cedarburg Education Association filed a grievance on Zellner's behalf, arguing that Zellner's termination was, among other things, disproportionate to the offense and greatly out of line with the District's handling of similar infractions by other personnel.

¶ 7. The matter was sent to an arbitration panel, pursuant to a collective bargaining agreement. The arbitration panel issued a decision stating that the District "did not have just cause to terminate [Zellner's] employment," and directing the District to reinstate Zellner, reduce his discipline to a written reprimand, and to make him whole for all lost wages and benefits. The District refused and additional litigation ensued.[2]

¶ 8. Following the arbitration hearing, Morgan requested the transcript of the closed arbitration hearing. The District concluded that the transcript was a public record and informed Zellner that it planned to release it.

¶ 9. Zellner filed this action seeking to prevent release of the transcript or, in the alternative, seeking redaction of medical and familial information that

---

[2] The decision of the Ozaukee County Circuit Court, the Honorable Joseph D. McCormack presiding, that the arbitration award was improper was upheld by the court of appeals in *Cedarburg Education Association v. Cedarburg School District,* No. 2007AP852, unpublished slip op. (Wis. Ct. App. July 23, 2008), *review denied, Cedarburg Education Association v. Cedarburg Board of Education,* 2009 WI 23, 315 Wis. 2d 722, 764 N.W.2d 531 (unpublished table decision).

Zellner had submitted during arbitration. On October 1, 2007, the Ozaukee Circuit Court, the Honorable Paul V. Malloy presiding, entered an order enjoining the District from releasing the transcript. The circuit court held that the transcript was a public record, but it then applied the second prong of the *Linzmeyer* test[3] and held that the transcript was not subject to release because the public's interest in the release of the transcript was outweighed by the public policy favoring privacy in an alternative dispute resolution such as arbitration.[4]

¶ 10. On November 9, 2007, Morgan filed a notice of intervention pursuant to Wis. Stat. § 19.356(4) and on the same day filed a notice of appeal. On November 16, 2007, Zellner filed a motion to dismiss the appeal for lack of jurisdiction. Zellner argued that Morgan had filed her notice of appeal more than 20 days after the circuit court's October 1 order, and, therefore, the appeal was not timely filed pursuant to Wis. Stat. § 808.04(1m).

¶ 11. In an order dated December 5, 2007, the court of appeals denied Zellner's motion to dismiss. On November 26, 2008, the court of appeals, as noted above, certified two questions to this court concerning the

---

[3] *Linzmeyer v. Forcey,* 2002 WI 84, ¶¶ 10–11, 254 Wis. 2d 306, 646 N.W.2d 811 (creating a two-step test: first, establishing that the record requested is a public record, and, second, determining whether there is a public policy that overcomes the presumption of openness).

[4] The circuit court essentially found that the public has an interest in keeping arbitration proceedings private. As we have noted, "[I]n applying the common-law balancing test, the concern is not personal embarrassment and damage to reputation, but whether disclosure would affect any public interest[] . . . in the protection of the privacy and reputation of citizens generally." *Zellner v. Cedarburg Sch. Dist.,* 2007 WI 53, ¶ 52, 300 Wis. 2d 290, 731 N.W.2d 240.

release of closed arbitration hearing transcripts and the redaction of medical information in such transcripts. This court accepted the certification on January 14, 2009.

## II. STANDARD OF REVIEW

¶ 12. We resolve the issue presented here on the basis of statutory interpretation. Statutory interpretation presents a question of law that is reviewed de novo. *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 22, ¶ 11, 308 Wis. 2d 103, 746 N.W.2d 762.

## III. DISCUSSION

¶ 13. The outcome of this case turns on the proper understanding of the procedural rules set forth in Wis. Stat. § 19.356, which governs appeals of rulings made on records requested under the Open Records Law. It is helpful to begin with a brief examination of the context in which this provision appears.

¶ 14. Wis. Stat. § 19.31 codifies the state's strong policy favoring free access to public records. Subsequent sections set forth the limited exceptions to that general principle, as well as the mechanism for judicial review prior to granting public access under certain circumstances.

¶ 15. Wis. Stat. § 19.356 was among the provisions added when the legislature revisited the statute in 2003, following this court's decisions in *Woznicki*[5] and

---

[5] *Woznicki v. Erickson*, 202 Wis. 2d 178, 549 N.W.2d 699 (1996).

537

*Milwaukee Teachers*.[6] 2003 Wisconsin Act 47, which created this section, was the product of the Joint Legislative Council's Special Committee on Review of the Open Records Law.[7] The Act created limited rights to judicial review prior to the release of public records for individuals whose privacy or reputational interests are implicated by the release. Such an individual is defined in the statute as a "record subject"—"an individual about whom personally identifiable information is contained in a record." Wis. Stat. § 19.32(2g).

¶ 16. The subsections of Wis. Stat. § 19.356 deal with a particular subset of public records, which includes records containing information relating to public employees. The subsections describe the timeline envisioned by the legislature with strict time limits at each step. The clock starts running when an authority decides "to permit access" to such a record. At that point, the authority must, within three days, "serve written notice" on "any record subject to whom the record pertains." Wis. Stat. § 19.356(2). After the record subject receives such notice, he or she may, within five days, alert the authority that he or she plans to challenge the release of the information. Wis. Stat. § 19.356(3). Within ten days of receiving the notice, the record subject may seek judicial review and ask that a court enjoin the release of the information.[8] Wis. Stat. § 19.356(4). This is what Zellner did.

---

[6] *Milwaukee Teachers' Educ. Ass'n v. Milwaukee Bd. of Sch. Dirs.*, 227 Wis. 2d 779, 596 N.W.2d 403 (1999).

[7] The Joint Legislative Council introduced Assembly Bill 196 on March 25, 2003. The Assembly passed the bill June 24, 2003, and sent it to the Senate, which concurred in the passage.

[8] "Within 10 days after receipt of notice under sub. (2)(a), a record subject may commence an action seeking a court order to restrain the authority from providing access to the requested record. . . ." Wis. Stat. § 19.356(4).

¶ 17. Following oral argument, the circuit court ruled that the transcript was a public record. The circuit court went on to rule that the transcript should not be released on the grounds that "the public interest is outweighed by the need for privacy in this type of proceeding." The court stated that it would issue an order enjoining the District from releasing the materials. The order was issued October 1, 2007.

■

¶ 18. This brings us to the critical point in the process. It was at this point that Morgan, the original requester of the records, filed a notice of intervention as the statute permits and subsequently filed a notice of appeal on November 9, 2007.

¶ 19. The significance of the dispute about the applicable time period—either 20 or 45 days following the issuance of the circuit court's order—is that Morgan filed her notice of appeal 39 days after the order. If the 20–day deadline is the correct deadline under the statute, Morgan's appeal is fruitless because there is no jurisdiction for the court of appeals to hear it. If the 45–day deadline is the applicable one, the appeal and our review may proceed.

¶ 20. In order to resolve this question, we look carefully at the language of the statute. We have on previous occasions articulated the assumptions and principles with which we undertake this exercise:

> It is, of course, a solemn obligation of the judiciary to faithfully give effect to the laws enacted by the legislature, and to do so requires a determination of statutory meaning. Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language. Extrinsic evidence

of legislative intent may become relevant to statutory interpretation in some circumstances, but is not the primary focus of inquiry. It is the enacted law, not the unenacted intent, that is binding on the public. Therefore, the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect.

Thus, we have repeatedly held that statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning.

Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results. Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning."

*State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶¶ 44–46, 271 Wis. 2d 633, 681 N.W.2d 110 (internal citations omitted).

¶ 21. We therefore turn to the language of the statute that governs appeals of orders in open records cases. The subsection governing appeals of the type of order presented here is § 19.356(8): "If a party appeals a decision of the court under sub. (7), the court of appeals shall grant precedence to the appeal over all

other matters not accorded similar precedence by law. An appeal shall be taken within the time period specified in s. 808.04(1m)."

¶ 22. It has already been settled that as a requester and as an intervenor as of right under the statute,[9] Morgan is "a party." When the question of an intervenor's status first arose in Wisconsin, the court of appeals noted that "the issue is well settled among other jurisdictions," and adopted that approach, summing up the rule briefly: "Simply put, [the intervenor's] status after intervention [is] the same as all the other participants in the proceeding . . . ." *Kohler Co. v. Sogen Int'l Fund, Inc.*, 2000 WI App 60, ¶ 11, 233 Wis. 2d 592, 608 N.W.2d 746. The court of appeals cited as pertinent a case that interpreted a parallel federal mechanism for intervention: "When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." *Id.* at ¶ 12 (quoting *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985)).

¶ 23. Having established that Morgan is a party, it is further obvious that she is a party who is "appeal[ing] a decision of the court under sub.(7)." Wis. Stat. § 19.356(8). The remainder of the sentence concerns the expediting of the appeal, a matter to which we will return shortly. It is the next sentence that needs our close attention: "An appeal shall be taken within the time period specified in s. 808.04(1m)." *Id.*

¶ 24. The question to answer then is, what is "the time period specified in s. 808.04(1m)"? Wis. Stat.

---

[9] " 'Requester' means any person who requests inspection or copies of a record, except a committed or incarcerated person . . . ." Wis. Stat. § 19.32(3). "Notwithstanding s. 803.09, the requester may intervene in the action as a matter of right. . . ." Wis. Stat. § 19.356(4).

§ 808.04(1m) reads as follows: "An appeal by a record subject under s. 19.356 shall be initiated within 20 days after the date of entry of the judgment or order appealed from."

¶ 25. Wis. Stat. § 19.356(8) tells us to look for the time period referenced in Wis. Stat. § 808.04(1m). When we do so, the only time period referenced in § 808.04(1m) is 20 days. There simply is no other way to read § 19.356 that gives effect to its words. If the legislature had, as Morgan contends, intended that the 20-day time period for appeal for this type of order be limited to the record subject alone, and that a 45-day time period for appeal apply to everyone else, it could have clearly indicated that by referring to "the applicable sections" in Wis. Stat. § 808.04.[10] *See, e.g.,* Wis. Stat. § 88.05(3)(a).

¶ 26. Our reading is entirely consistent with the legislature's demonstrated interest in resolving these disputes as speedily as possible. Given the tight deadlines imposed throughout the process, a 20-day time period is much more in accord with the overall tenor of the statute than a 45-day time period. The essence of the

---

[10] While we see the plain language of Wis. Stat. § 19.356(8) as unambiguously requiring a 20-day time period for appeal by virtue of its reference to that time period in Wis. Stat. § 808.04, there are other indications as well that the legislature intended that result. The notes of the Joint Legislative Council, which introduced the legislation, describe the provision's effect as requiring that "[a]n appeal must be taken within 20 days after entry of the judgment or order appealed from." 2003 Wis. Act 47, § 4 n.3. The Legislative Council's Act Memo for 2003 Wisconsin Act 47 states, "Act 47 provides a system of expedited judicial review when a record subject attempts to prevent the release of a public record." *See* http://www.legis.state.wi.us/2003/data/lc_act/act047–ab196. pdf (last visited June 24, 2009). This is just such a case. It makes sense that the expedited judicial review prescribed by the Act applies to all parties to an action concerning a record subject's attempt to block release of a record.

statute is to prescribe the special handling of matters involving an attempt to block release of a record under the Open Records Law and to require that they be expedited to resolution. This is highlighted by the provision stating that a court and an appellate court are mandated to give precedence to such matters. Wis. Stat. § 19.356(7), (8).

## IV. CONCLUSION

¶ 27. For the reasons stated, we now hold that the court of appeals erred when it found the appeal timely under Wis. Stat. § 19.356(8), which requires that an appeal of a decision relating to an open records request be filed in "the time period specified in s. 808.04(1m)." The time period specified in that statute is 20 days. Because the appeal was filed outside the 20–day period, there was no jurisdiction for the court of appeals to review. Since the appeal was not timely, we do not reach the certified questions.

*By the Court.*—The appeal is dismissed and the order of the circuit court is affirmed.

¶ 28. PATIENCE DRAKE ROGGENSACK, J. (*dissenting*). The majority opinion denies Heidi Morgan's (Morgan) open records request based on its conclusion that she did not timely file an appeal of the circuit court's decision denying access to the records of Robert Zellner's (Zellner) arbitration hearing. It does so by concluding Wis. Stat. § 19.356(8) requires that an intervenor's appeal of a circuit court decision in an open records case be filed within the time period set out in Wis. Stat. § 804.04(1m) for record subjects.[1] I write in dissent because although § 19.356 provides the initial proce-

___
[1] Majority op., ¶ 4.

dural pathway for our review, § 808.04(1) applies to Morgan's appeal. Section 808.04(1) provides a minimum of 45 days in which to commence an appeal and Morgan's appeal was filed within 45 days of the circuit court decision. And, although Morgan intervened,[2] she was not a "party" when the circuit court entered its order, nor was she a party during the 20–day period when the majority opinion concludes that she was required to appeal.[3] Accordingly, this court should proceed to decide the important questions for which we granted certification. Therefore, I respectfully dissent.

## I. BACKGROUND

¶ 29. This case arises out of an open records request by Morgan[4] for the arbitration proceeding transcript relative to Zellner's termination of employment as a teacher in the Cedarburg School District (Cedarburg).[5] Cedarburg granted Morgan's open records request. In an attempt to prevent disclosure of those public records, Zellner[6] commenced the present action, pursuant to Wis. Stat. § 19.356(4). When he did

---

[2] Zellner has not objected to Morgan's intervention in this court, and the majority opinion assumes it was undertaken sufficiently to cause Morgan to become a party. *Id.*, ¶ 22. I, too, agree that Morgan is properly a party in the certification pending before us.

[3] *Id.*, ¶ 27.

[4] Morgan is defined as a "requester" under the Public Records Law. Wis. Stat. § 19.32(3).

[5] Cedarburg, as the custodian of the records, is defined as an "authority" under the Public Records Law. Wis. Stat. § 19.32(1). In the parlance of this dissent, I sometimes refer to Cedarburg as the custodian or the custodian of the records.

[6] Zellner is defined as the "record subject" under the Public Records Law. Wis. Stat. § 19.32(2g).

so, he became the party plaintiff and Cedarburg became a party defendant. § 19.356(4). Morgan was not named in the action and accordingly she was not a party initially.

¶ 30. The circuit court concluded that the transcript was a public record, but when it balanced the public's interest in disclosure with the public's interest in precluding disclosure, the circuit court concluded that the transcript should not be released.

¶ 31. The circuit court entered its decision on October 1, 2007. On November 9, 2007, Morgan gave notice of her intention to intervene as of right, pursuant to Wis. Stat. § 19.356(4), and on November 9, 2007, she also filed a notice of appeal.

¶ 32. On November 16, 2007, Zellner moved to dismiss Morgan's appeal as untimely. The court of appeals denied his motion on Dec. 5, 2007, concluding that Morgan's notice of appeal was timely according to Wis. Stat. § 808.04(1), which it determined to be the statute applicable to Morgan's appeal. *Zellner v. Herrick*, No. 2007AP2584, interim order (Wis. Ct. App. Dec. 5, 2007).

¶ 33. Whether arbitration records are public records subject to an open records request is an important question of first impression. Accordingly, the court of appeals certified the appeal to us, and we accepted the certification.

## II. DISCUSSION

### A. Standard of Review

¶ 34. Whether Morgan timely appealed the circuit court decision presents questions of statutory interpretation and application, which are questions of law for our independent review. *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶ 14, 309 Wis. 2d 541, 749 N.W.2d 581;

*Spiegelberg v. State,* 2006 WI 75, ¶ 8, 291 Wis. 2d 601, 717 N.W.2d 641.

## B. Statutory Interpretation

### 1. General principles

¶ 35. We interpret a statute to determine its meaning. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 43, 271 Wis. 2d 633, 681 N.W.2d 110. "We assume that the legislature's intent is expressed in the statutory language." *Id.,* ¶ 44. Statutes are to be read in context, consistent with the statutes to which they relate. *Seider v. O'Connell,* 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659. Statutes are to be read so as "to give reasonable effect to every word, in order to avoid surplusage." *Kalal,* 271 Wis. 2d 633, ¶ 46.

¶ 36. In construing a statute, we favor a construction that fulfills the purpose of the statute over one that defeats that purpose. *Brown v. Thomas,* 127 Wis. 2d 318, 323, 379 N.W.2d 868 (Ct. App. 1985). Finally, procedural rules, such as those governing the time limits for appeals, are to be construed liberally "so as to encourage a resolution of the controversy on the merits." *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.,* 2002 WI 66, ¶ 57, 253 Wis. 2d 238, 646 N.W.2d 19 (quoting *State v. Sorenson,* 2000 WI 43, ¶ 15, 234 Wis. 2d 648, 611 N.W.2d 240).

### 2. Public Records Law

¶ 37. This case arises from a request for public records, often referred to as an open records request. *Watton v. Hegerty,* 2008 WI 74, ¶ 6, 311 Wis. 2d 52, 751 N.W.2d 369. Therefore, the portion of Wis. Stat. ch. 19 that pertains to the Public Records Law is my starting point. Wisconsin Stat. § 19.31 sets out the legislative

purpose that affects all open records requests. Section 19.31 provides in relevant part:

> In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them. . . . To that end, *ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access,* consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

§ 19.31 (emphasis added). Accordingly, the directive of § 19.31 will be paramount in my interpretation and application of the Public Records Law sections of ch. 19.

¶ 38. The Public Records Law contains two procedural pathways of review, depending on whether the custodian of the records decides to deny, or to provide, access to the requested records. If the custodian denies access, a requester of the records has 90 days in which to commence a mandamus action in circuit court. Wis. Stat. § 19.37(1)(a), (1m). If the custodian grants access to the records, a record subject has only 10 days in which to commence a circuit court action seeking to enjoin release of the records. Wis. Stat. § 19.356(4). The differing time limits afforded a requester when compared with those afforded a record subject are consistent with Wis. Stat. § 19.31's stated purpose. This is so because more time is given to a requester, who is acting in accord with the policy of providing complete access to public records. Less time is given to a record subject, who is attempting to block access to public records, an action contrary to the stated purpose of the Public Records Law. § 19.31.

¶ 39. If the circuit court in a requester's mandamus action affirms the custodian's decision not to release the records, then a requester has 45 days after notice of entry of judgment, or 90 days if no notice is given, to appeal the circuit court decision to the court of appeals. Wis. Stat. § 808.04(1). However, if the circuit court, in a record subject's action commenced to enjoin release of the public records, denies the injunction, a record subject has only 20 days in which to file an appeal. § 808.04(1m). Again, this difference in the time accorded to seek further review is consistent with the statutory purpose of affording access to the records of government affairs: a requester, whose actions are in line with access, is given more time, and a record subject, who is trying to thwart access, is given less time to appeal an adverse decision. Wis. Stat. § 19.31.

¶ 40. In the case before us, Zellner commenced this action requesting the circuit court to enjoin Cedarburg from releasing the records of his arbitration proceeding. Therefore, Zellner proceeded under Wis. Stat. § 19.356(4). In so doing, he became a party plaintiff and Cedarburg was required to be named as a party defendant. § 19.356(4).

¶ 41. The circuit court entered its decision enjoining the release of the public records on October 1, 2007, and Morgan intervened on November 9, 2007. Therefore, Morgan was not a party when the circuit court entered its order.

3. Timeliness of Morgan's appeal

¶ 42. The majority opinion parses Wis. Stat. § 19.356(8), which provides in relevant part:

> If a party appeals a decision of the court under sub. (7), . . . [a]n appeal shall be taken within the time period specified in s. 808.04(1m).

548

¶ 43. The majority opinion also parses Wis. Stat. § 808.04(1m), which provides:

> An appeal by a record subject under s. 19.356 shall be initiated within 20 days after the date of entry of the judgment or order appealed from.

The majority opinion applies the 20–day limitation of § 808.04(1m) to Morgan. In so doing, the majority opinion reads the words, "record subject," out of § 808.04(1m). This is contrary to basic statutory construction principles that statutes are to be interpreted to avoid surplusage. *Kalal,* 271 Wis. 2d 633, ¶ 46. The majority opinion also includes Morgan as a "party" under § 19.356(8). In so doing, it creates a way to deny Morgan her right to appeal, and it contravenes the stated purpose for which the Public Records Law was enacted—complete access to public records. Wis. Stat. § 19.31.

¶ 44. I conclude that the majority errs by eliminating the term, "record subject," from Wis. Stat. § 808.04(1m). I also conclude that a reading of the term "party" in § 19.356(8) to include only the record subject is consistent with both the stated purpose of the Public Records Law and the procedural pathway a record subject must use when he attempts to enjoin the release of public records.

¶ 45. This is so because when a record subject files an action to enjoin release of public records, the statutes provide for two parties: the authority (custodian) and the record subject. Wis. Stat. § 19.356(4). When § 19.356 is the procedural pathway through which the open records request is proceeding, the custodian will not be appealing the circuit court decision. By contrast, when the custodian denies release of the records, the appeal proceeds under Wis. Stat. § 19.37(1), not under § 19.356.

*See Milwaukee Journal Sentinel v. Wis. Dep't of Admin.,* 2009 WI 79, ¶ 5 & n.7, 319 Wis. 2d 439, 768 N.W.2d 700.

¶ 46. A "party" in Wis. Stat. § 19.356(8) refers to the record subject because it is the record subject who would appeal from a circuit court decision to release the records. If the circuit court decides not to release the records, as occurred here, the custodian has no interest in appealing because the custodian is in the same position as it was before the open records request was made. And finally, the requester may choose not to intervene at all, because intervention is not mandatory. § 19.356(4). Or, the requester may do so several weeks after entry of the circuit court decision, as occurred here, or even after the record subject appeals. *See City of Madison v. Wis. Employment Relations Comm'n,* 2000 WI 39, ¶ 1, 234 Wis. 2d 550, 610 N.W.2d 94.

¶ 47. The majority opinion interprets procedural statutes, which at the very least, are ambiguous in regard to whom the term "party" applies. When interpreting ambiguous procedural statutes, we do so in a manner that will permit a decision on the merits. *Sorenson,* 234 Wis. 2d 648, ¶ 28. As we explained in *DOT v. Peterson,* 226 Wis. 2d 623, 594 N.W.2d 765 (1999), where a property owner served the State of Wisconsin rather than the Department of Transportation, if a statute "can reasonably be interpreted" so as to permit review, we do so. *Id.* at 625. The majority errs in contravening this basic rule of statutory construction.

¶ 48. In addition, the majority opinion's interpretation of Wis. Stat. § 19.356(8) is contrary to the express directive of the legislature in regard to construction of Wis. Stat. §§ 19.32 to 19.37 because the majority opinion thwarts access to the public records that Morgan sought by shutting down Morgan's appeal rights. *See* Wis. Stat. § 19.31.

¶ 49. Furthermore, the majority opinion defies a common sense reading of the statutes. Let me explain. Morgan filed a notice of intervention on November 9, 2007. Therefore, when the circuit court issued its October 1, 2007, decision, Morgan was not a party. Morgan also was not a party during any part of the 20–day time period in which the majority opinion concludes she was required to appeal in order for her appeal to be timely. Under the majority opinion's statutory interpretation, Morgan lost her appeal rights as a "party" before she was a "party." This internal inconsistency in the majority opinion demonstrates the ambiguity in Wis. Stat. § 19.356(8) that the majority opinion chooses to ignore.[7] A procedural ambiguity should be interpreted in favor of permitting the resolution of this controversy on the merits. *Sorenson*, 234 Wis. 2d 648, ¶ 22.

¶ 50. In my view, the court of appeals got it right when it concluded that Wis. Stat. § 808.04(1) set the time limit for Morgan's notice of appeal. *Zellner v. Herrick*, No. 2007AP2584, interim order (Wis. Ct. App. Dec. 5, 2007). The court of appeals' conclusion is consistent with what Morgan's appeal rights would have been if she had been required to filed a mandamus action due to an adverse decision by Cedarburg. The court of appeals' conclusion is also consistent with Wis. Stat. § 19.31, in that it interprets the Public Records Law to promote an opportunity for complete access to government workings by permitting Morgan's appeal to go forward.

### III. CONCLUSION

¶ 51. The majority opinion errs when it contravenes foundational principles of statutory construction and interprets the Public Records Law contrary to the

---

[7] Majority op., ¶¶ 18–19.

legislature's express directive in regard to the construction of Wis. Stat. §§ 19.32 to 19.37. Wis. Stat. § 19.31. Morgan is seeking to shine a light on governmental actions, and Zellner is thwarting the legislature's express directive for "complete public access." The majority opinion assists Zellner's efforts. Because I conclude that the majority opinion errs and also that Morgan's appeal was timely filed, I respectfully dissent.