IN RE the COMMITMENT OF Walter ALLISON, Jr.:

STATE of Wisconsin, Petitioner-Appellant,

v.

Walter ALLISON, Jr., Respondent-Respondent.†

Court of Appeals

*No. 2009AP1232. Oral argument June 22, 2010.
—Decided July 27, 2010.*

2010 WI App 103

(Also reported in 789 N.W.2d 120.)

† Petition for review denied 12-7-10.

129

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. The State appeals the trial court's grant of summary judgment to Walter Allison, Jr., which resulted in his discharge from his commitment as a sexually violent person. The State argues that summary judgment is not permitted in Wis. Stat. ch. 980 discharge proceedings. We agree and reverse.

## I. BACKGROUND.

¶ 2. On July 9, 1975, Allison was convicted of one count of rape, in violation of Wis. Stat. § 944.01(1) (1973–74), and one count of sexual perversion, in violation of Wis. Stat. § 944.17(1) (1973–74).[1] Allison initially was sentenced to thirty years on the rape conviction and four years consecutive on the sexual perversion conviction.[2]

¶ 3. In September 1990, Allison was mandatorily released from prison on parole. As part of his parole supervision, Allison was required to report to a parole agent once every two weeks. Allison violated the requirements of his parole on numerous occasions. He frequently missed his report dates and, when he did arrive, he often smelled of alcohol. Allison's most seri-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] Allison's sentence on the rape conviction was later amended *nunc pro tunc* to twenty-nine years to give him credit for pretrial incarceration.

ous violation stemmed from an allegation that he grabbed his nephew's genitals. The nephew was under the supervision of a mental health unit at the time.

¶ 4. On July 15, 1994, the State filed a petition alleging that Allison was a sexually violent person within the meaning of Wis. Stat. § 980.01(7) (1993–94). The trial court held a hearing on July 20, 1994, to determine whether the State's petition was supported by probable cause. The court found there was probable cause to believe that Allison was a sexually violent person within the meaning of § 980.01(7) (1993–94), and Allison was remanded to the custody of the Department of Health and Social Services.

¶ 5. Allison's case went to trial and on October 2, 1996, the jury found that Allison was a sexually violent person as alleged in the State's petition. The court ordered that Allison be committed to the custody of the Department of Health and Social Services for control, care, and treatment until a time when he was no longer a sexually violent person. Allison sought post-commitment relief, including motions for judgment notwithstanding the verdict, directed verdict, and a new trial. The trial court denied Allison's motions. Allison appealed the trial court's denial of post-commitment relief and this court affirmed the trial court's denial on March 23, 1999. *State v. Allison*, No. 97–0709, unpublished slip op. at 2 (Wis. Ct. App. Mar. 23, 1999).

¶ 6. On February 6, 2009, Allison filed a petition of discharge pursuant to Wis. Stat. § 980.09. Allison alleged that his degree of risk for committing another sexually violent offense was beneath the legal threshold of "more likely than not," and therefore he no longer met the criteria for commitment as a sexually violent person. *See id.*; Wis. Stat. § 980.02.

¶ 7. Two examinations were conducted, pursuant to Wis. Stat. § 980.07, to determine whether Allison still met the criteria for commitment as a sexually violent person. Allison was examined by Dr. Craig B. Rypma, Ph.D. Dr. Rypma's diagnostic impression of Allison was that Allison was alcohol dependant but in full remission, and suffered from mild mental retardation and adult antisocial behavior. However, Dr. Rypma found that significant changes had occurred since Allison was originally committed and determined that Allison no longer met the criteria for commitment as a sexually violent person. Based on that determination, Dr. Rypma recommended that Allison be "released to the community."

¶ 8. Allison was also examined by Dr. Carolyn Hensel Fixmer, Ph.D. Dr. Fixmer diagnosed Allison with paraphilia and personality disorder, each of which is a mental disorder. However, like Dr. Rypma, Dr. Fixmer also determined that Allison no longer met the criteria for commitment as a sexually violent person. Based on her analysis, Dr. Fixmer recommended that Allison "be consider[ed]" for discharge.

¶ 9. Following Dr. Rypma's and Dr. Fixmer's examinations, Allison filed a motion for summary judgment pursuant to Wis. Stat. § 802.08. Allison argued that Wis. Stat. § 980.09 "places the burden of proof upon the State to prove by clear and convincing evidence that Mr. Allison currently remains a sexually violent person," and further argued that the State was unable to meet this burden because it offered "no expert to support the proposition that Allison is a sexually violent person." The State argued that the procedures outlined in § 980.09 for filing a petition for discharge include "no provision allowing [Allison] to move for summary judgment at this stage of the ch. 980 proceedings."

¶ 10. After reviewing the filings, the trial court held that summary judgment pursuant to Wɪs. Sᴛᴀᴛ. § 802.08 was available to Allison in his discharge proceedings. The trial court then granted Allison's motion for summary judgment and ordered that he be discharged from his Wɪs. Sᴛᴀᴛ. ch. 980 commitment. This appeal follows.

## II. Aɴᴀʟʏsɪs.

A. *Use of Summary Judgment in Wɪs. Sᴛᴀᴛ. ch. 980 Discharge Proceedings*

¶ 11. The use of summary judgment in Wɪs. Sᴛᴀᴛ. ch. 980 discharge proceedings presents a question of statutory interpretation. ' "The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently." ' *Estate of Genrich v. OHIC Ins. Co.*, 2009 WI 67, ¶ 10, 318 Wis. 2d 553, 769 N.W.2d 481 (citation omitted). When interpreting a statute we begin by studying the statute's language, using its common, ordinary, and accepted meaning as our guide. *State v. Arends*, 2008 WI App 184, ¶ 15, 315 Wis. 2d 162, 762 N.W.2d 422 (*Arends I*), *aff'd in part and modified by State v. Arends*, 2010 WI 46, ¶ 6, 325 Wis. 2d 1, 784 N.W.2d 513 (*Arends II*).[3] We read the language of the statute in the context in which it was used, "not in isolation but as part of a whole," to avoid unreasonable or absurd results. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. Where this process yields an understanding of the statute that is

_____

[3] While this appeal was pending, our supreme court decided *Arends II*, 2010 WI 46, 325 Wis. 2d 1, 784 N.W.2d 513.

unambiguous and clear, we will apply the statute according to this plain meaning. *Bruno v. Milwaukee County*, 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656.

¶ 12. WISCONSIN STAT. § 802.08 sets forth the summary judgment standards. Whether or not the remedy of summary judgment is available in civil actions is governed by WIS. STAT. § 801.01(2), which reads in part, "[c]hapters 801 to 847 govern procedure and practice in [trial] courts of this state in all civil actions . . . except where different procedure is prescribed by statute or rule." Both parties agree, and it is settled law in the State of Wisconsin, that WIS. STAT. ch. 980 discharge proceedings are civil actions governed by § 801.01(2). *See State v. Brown*, 215 Wis. 2d 716, 721–22, 573 N.W.2d 884 (Ct. App. 1997) (holding that proceedings under ch. 980 are civil commitment proceedings).

¶ 13. The dispute between the parties, which is one of first impression, is whether summary judgment is available in WIS. STAT. § 980.09 discharge proceedings. Pursuant to WIS. STAT. § 801.01(2), the remedy of summary judgment is not available in discharge proceedings if § 980.09 prescribes a different procedure. We begin our analysis first by looking to the statute to see if § 980.09 does in fact prescribe a different procedure.

¶ 14. WISCONSIN STAT. § 980.09 states, in relevant part:

**Petition for discharge.** A committed person may petition the committing court for discharge at any time. The court shall deny the petition under this section without a hearing unless the petition alleges facts from which the court or jury may conclude the person's condition has changed since the date of his or her initial

136

commitment order so that the person does not meet the criteria for commitment as a sexually violent person.

**(2)** The court shall review the petition within 30 days and may hold a hearing to determine if it contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. In determining under this subsection whether facts exist that might warrant such a conclusion, the court shall consider any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state. If the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment, the court shall deny the petition. If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment the court shall set the matter for hearing.

**(3)** The court shall hold a hearing within 90 days of the determination that the petition contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. The state has the burden of proving by clear and convincing evidence that the person meets the criteria for commitment as a sexually violent person.

¶ 15. The State argues that WIS. STAT. § 980.09(2) provides the only two options available to the trial court for disposing of a petition for discharge. Section 980.09(2) states that the court must deny a petition if it concludes that the petition does not contain facts from which a court or jury could find that the person no longer meets the criteria for commitment. The State argues that subsection (2) only affords the trial court

137

one other option aside from dismissing the petition, and that is to set the matter for a hearing. The State therefore concludes that "§ 980.09 provides a procedure different from summary judgment" and "[t]he summary judgment provision of Wis. Stat. § 802.08 does not apply."

¶ 16. Allison asserts that Wis. Stat. § 980.09 "contain[s] no language" prescribing a different procedure than the procedures found in Wis. Stat. ch. 801 to 847. Basing his argument on this premise, Allison goes on to conduct a section-by-section review of Wis. Stat. §§ 802.08 and 980.09, concluding that both provisions are compatible and consistent with each other. Relying on this analysis, Allison argues that summary judgment was both available to him and properly granted in his case.

■

¶ 17. We agree with the State and conclude that Wis. Stat. § 980.09(2) explicitly prescribes a different procedure than that set forth in Wis. Stat. § 802.08. Because § 980.09 prescribes a different procedure, summary judgment is not available. We reject Allison's contention that because the words summary judgment are not used in § 980.09, it is silent on the issue of summary judgment. We also reject Allison's section-by-section analysis of §§ 980.09 and 802.08. Because we conclude that § 980.09 explicitly prescribes a different procedure than § 802.08, this type of analysis is unnecessary.

■

¶ 18. Applying the principles governing statutory interpretation to Wis. Stat. § 980.09, it is clear that the legislature explicitly prescribed a different procedure from those outlined in Wis. Stat. chs. 801 to 847, and that summary judgment is not available in discharge

138

proceedings. Section 980.09(2) gives a trial court two options when confronted with a petition for discharge. Subsection (2) first states that the trial court "shall" deny the petition "[i]f the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment." Sec. 980.09(2). If the trial court determines that facts do exist from which a court or jury could find that the petitioner no longer meets the criteria for commitment, "the court shall set the matter for hearing." *Id.* By stating that the court "shall" set the matter for a hearing, the legislature has precluded a court from exercising any other options that might otherwise be available, including summary judgment. The unambiguous and clear understanding of § 980.09(2) is that a trial court is limited to these two options when faced with a petition for discharge. *See Arends II*, 325 Wis. 2d 1, ¶ 43 ("If any facts support a finding in favor of the petitioner, the court must order a discharge hearing on the petition; if no such facts exist, the court must deny the petition.").

¶ 19. Holding that Wis. Stat. § 980.09(2) prescribes a different procedure than those outlined in Wis. Stat. chs. 801 to 847 is also consistent with the progression of § 980.09. Subsection (2) allows a trial court to deny the petition without a hearing after reviewing the documents set forth in the statute. However, if the trial court determines that facts exist from which a court or jury could conclude that the petitioner no longer meets the criteria for commitment, the court shall set the matter for hearing. Sec. 980.09(2). Section 980.09(3) requires the trial court to hold the hearing within 90 days after concluding that the petition contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment. It is

only under this subsection (3) hearing that the State is charged with the burden of proving that the petitioner still meets the criteria for commitment. Allowing a trial court to grant a petition for summary judgment under subsection (2) would frustrate the purpose of § 980.09's legislative scheme by allowing a trial court to grant a motion for discharge before the State has had an opportunity to cross-examine the petitioner's witnesses and present its case. The statute simply does not contemplate use of the summary judgment procedure.

¶ 20. Allison asserts that summary judgment is available because, even if the trial court did not believe the experts Allison presented, the State had no evidence which would allow it to meet its burden of proof. However, as previously noted, the State's burden of proof is implicated only during a hearing pursuant to WIS. STAT. § 980.09(3). Since the trial court granted summary judgment prior to a hearing under that section, no one can say with any certainty whether the State possessed enough evidence to meet its burden of proof. The State simply was not given an opportunity to cross-examine Allison's witnesses or present its case.

█

¶ 21. Our understanding of WIS. STAT. § 980.09 is supported by our supreme court's recent decision in *Arends II*. There, the court identified the procedures required when courts assess whether to grant a discharge hearing pursuant to § 980.09. *Arends II*, 325 Wis. 2d 1, ¶ 14. When discussing the term "hearing" in § 980.09 the court stated, "The first is an optional hearing under § 980.09(2) that the [trial] court may hold when determining whether to grant the petitioner a discharge hearing. The discharge hearing under § 980.09(3)–(4) *is required* before a committed person may be discharged." *Arends II*, 325 Wis. 2d 1, ¶ 33 n.19

(emphasis added). The court went on to state that "[i]f any facts support a finding in favor of the petitioner, *the court must order a discharge hearing on the petition.*" *Id.*, ¶ 43 (emphasis added). Section 980.09 is unequivocal in its requirement that the court conduct a hearing under subsection (3) before a petitioner can be discharged. The use of summary judgment in Allison's case violated this statutory requirement.

¶ 22. That the legislature intended trial courts to grant petitions for discharge only after conducting a hearing under Wis. Stat. § 980.09(3) is further evidenced by language in the statute allowing a trial court to deny the petition under subsection (2) without holding a hearing under subsection (3). Contrary to Allison's position,[4] we conclude that by specifically allowing a trial court to deny a discharge petition without a hearing, but not including that same language in favor of the petitioner, the legislature intended to proscribe a trial court from granting a petition for discharge without conducting a hearing under subsection (3). " 'We assume that the legislature's intent is expressed in the statutory language.' " *Zellner v. Herrick*, 2009 WI 80, ¶ 20, 319 Wis. 2d 532, 770 N.W.2d 305 (citation omitted). If the legislature had intended for a trial court to possess the option of granting a petition for discharge without a hearing under subsection (3), it would have included that provision in the language of the statute. It did not. Instead, subsection (2) states that where the court determines that facts do exist by which a court or jury could conclude that the person no longer meets the

---

[4] Allison argues that discharge proceedings under Wis. Stat. ch. 980 provide a procedure which is "very akin to summary judgment against the petitioner" and claims that fairness and public policy considerations compel the availability of summary judgment to Allison.

criteria for commitment, "the court *shall* set the matter for hearing." Sec. 980.09(2) (emphasis added). The language of the § 980.09(2) unequivocally requires a hearing under subsection (3) before a trial court can grant a petition for discharge.

¶ 23. We also disagree with Allison's contention that because the words summary judgment are not specifically used in Wis. Stat. § 980.09(2), the legislature was silent as to whether summary judgment is available. Using this logic, even if § 980.09(2) stated that none of the procedures outlined in Wis. Stat. chs. 801 to 847 are available in discharge proceedings, summary judgment could still be used because the legislature did not use the phrase "summary judgment is not available," and was therefore silent on the issue. This reasoning leads to an absurd result. We do not require the legislature to list, exhaustively, every procedure that is not available to the trial court in a discharge proceeding. Again, " '[w]e assume that the legislature's intent is expressed in the statutory language.' " *Zellner*, 319 Wis. 2d 532, ¶ 20 (citation omitted). We hold that the language of § 980.09(2) explicitly prescribes the only two procedures a trial court can exercise when confronted with a petition for discharge. Therefore, the legislature was not silent regarding the use of summary judgment in discharge proceedings.

¶ 24. Allison further argues that there is no conflict or incompatibility between the summary judgment provision in Wis. Stat. § 802.08 and the discharge proceedings in Wis. Stat. § 980.09. Allison cites *Steven V. v. Kelley H.*, 2004 WI 47, 271 Wis. 2d 1, 678 N.W.2d 856, where the court allowed summary judgment to be granted in a TPR case, and he notes that the TPR statutes did not conflict with the right to a jury trial at the fact-finding hearing under Wis. Stat. §§ 48.422(3),

(4), and 48.31(2). *See Steven V.*, 271 Wis. 2d 1, ¶ 33. According to Allison, ch. 980 discharge proceedings fit even more closely within the framework of summary judgment than do termination of parental rights cases, and therefore summary judgment should apply under § 980.09.

¶ 25. While Allison correctly points out that the court in *Steven V.* applied summary judgment in a TPR case, the court only conducted this analysis after finding that the TPR statutes did not prescribe a different procedure from Wis. Stat. § 802.08. *See Steven V.*, 271 Wis. 2d 1, ¶ 33. In *Steven V.*, the court specifically held that "[t]here is nothing in the TPR statutes that explicitly or implicitly prohibits the use of summary judgment . . . [n]or do the TPR statutes prescribe a procedure different from . . . § 802.08." *Steven V.*, 271 Wis. 2d 1, ¶ 33. Unlike the TPR statutes, we hold that Wis. Stat. § 980.09(2) explicitly prescribes a different procedure from § 802.08. Therefore, we do not need to address whether the summary judgment procedure in § 802.08 is consistent with the procedure set forth in § 980.09.

*B. Harmless Error*

■

¶ 26. Allison argues that even if summary judgment is not available in his Wis. Stat. ch. 980 discharge proceedings, the trial court's grant of summary judgment was harmless error. In support of this argument, Allison notes that his hearing under Wis. Stat. § 980.09(3) would have been tried in front of the court that granted his motion for summary judgment.[5] Allison asserts that it is "clear beyond a reasonable doubt that the trial court would have reached the same

---

[5] Neither party requested a jury trial.

conclusion absent the summary judgment motion," and therefore granting summary judgment was harmless error. We disagree.

¶ 27. Our harmless error analysis is guided by WIS. STAT. § 805.18, which states:

> **(1)** The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.
>
> **(2)** No judgment shall be reversed or set aside or new trial granted . . . unless in the opinion of the court . . . it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment.

¶ 28. WISCONSIN STAT. § 805.18 governs the rules for civil procedure and applies to WIS. STAT. ch. 980 civil commitment proceedings. *See Brown*, 215 Wis. 2d at 720–21. An error is not harmless if it affects the substantial rights of the parties. *State v. Dyess*, 124 Wis. 2d 525, 547, 370 N.W.2d 222 (1985). An error affects the substantial rights of the parties if "there is a reasonable possibility that the error contributed to the outcome of the case." *Estate of Hegarty v. Beauchaine*, 2006 WI App 248, ¶ 152, 297 Wis. 2d 70, 727 N.W.2d 857. If the error undermines the reviewing court's confidence in the outcome of the proceeding, the error is not harmless. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶ 28, 246 Wis. 2d 1, 629 N.W.2d 768.

¶ 29. Here, the trial court's error affected the substantial rights of the parties and undermined the outcome of the proceeding. By granting Allison's motion for summary judgment under WIS. STAT. § 980.09(2), the trial court prevented the State from cross-examining Allison's witnesses and presenting its case. Since the

State's burden of proof is not implicated until there is a hearing under subsection (3), the only time the State will ever present its case in opposition to a petition for discharge is during a hearing under § 980.09(3). Therefore, Allison's claim that it is clear beyond a reasonable doubt that the trial court would have come to the same conclusion during a subsection (3) hearing is without merit.

¶ 30. We will not speculate as to the possible strength or weakness of the State's case. WISCONSIN STAT. § 980.09(3) exists for the sole purpose of requiring the State to present its case in opposition to a petition for discharge. Not allowing the State the opportunity to cross-examine Allison's witnesses and present its case is not harmless error. There is more than a reasonable possibility that the court's failure to allow the State an opportunity to cross-examine Allison's witnesses and present its case contributed to its decision to grant Allison's motion for summary judgment. *See Beauchaine*, 297 Wis. 2d 70, ¶ 152. This error has undermined our confidence in the outcome of the case. *See Tykila S.*, 246 Wis. 2d 1, ¶ 28. Because the State was denied an opportunity to cross-examine Allison's witnesses and present its case in opposition of Allison's petition for discharge, we hold that the trial court's grant of Allison's motion for summary judgment was not harmless error.

¶ 31. Consequently, we remand this matter to the trial court for further proceedings consistent with this decision.

*By the Court.*—Order reversed and cause remanded with directions.