In re the Commitment of Daniel Arends:

State of Wisconsin,
Petitioner-Respondent-Petitioner,

v.

Daniel Arends, Respondent-Appellant.

Supreme Court

*No. 2008AP52. Oral argument September 11, 2009.
—Decided June 15, 2010.*

2010 WI 46

(Also reported in 784 N.W.2d 513.)

1

For the petitioner-respondent-petitioner the cause was argued by *Christine A. Remington,* assistant attorney general, with whom on the briefs was *J.B. Van Hollen,* attorney general.

For the respondent-appellant there was a brief by *Leonard D. Kachinsky* and *Sisson & Kachinsky Law Offices,* Appleton, and oral argument by *Leonard D. Kachinsky.*

¶ 1. MICHAEL J. GABLEMAN, J. This case involves the discharge procedure for a person civilly committed as a sexually violent person under Wis. Stat. ch. 980 (2005–06).[1] Daniel Arends was civilly committed in 2005 as a sexually violent person, and he peti-

---

[1] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

2

tioned for discharge under Wis. Stat. § 980.09 in 2007. The circuit court reviewed the petition for discharge and three reports discussing Arends' propensity for sexual violence and his treatment. The circuit court denied the petition, stating in a written order that "[t]he court does not find probable cause exists" to conduct a discharge hearing (a trial on the merits of the discharge petition). In a published opinion,[2] the court of appeals reversed, concluding that the circuit court applied the wrong standard and that Arends had produced facts entitling him to a discharge hearing on his petition.

¶ 2. The dispute in this case centers on the procedures a circuit court must follow under § 980.09—as amended in 2006—when determining whether to hold a discharge hearing, and whether the circuit court followed those procedures here.

¶ 3. We conclude that § 980.09 requires the circuit court to follow a two-step process in determining whether to hold a discharge hearing.

¶ 4. Under § 980.09(1), the circuit court engages in a paper review of the petition only, including its attachments, to determine whether it alleges facts from which a reasonable trier of fact could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person. This review is a limited one aimed at assessing the sufficiency of the allegations in the petition. If the petition does allege sufficient facts, the circuit court proceeds to a review under § 980.09(2).

¶ 5. Wisconsin Stat. § 980.09(2) requires the circuit court to review specific items enumerated in that subsection, including all past and current reports filed

---

[2] *State v. Arends,* 2008 WI App 184, 315 Wis. 2d 162, 762 N.W.2d 422.

under § 980.07.[3] The circuit court need not, however, seek out these items if they are not already within the record. Nevertheless, it may request additional enumerated items not previously submitted, and also has the discretion to conduct a hearing to aid in its determination. The circuit court's task is to determine whether the petition and the additional supporting materials before the court contain any facts from which a reasonable trier of fact could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person.

¶ 6. In this case, the circuit court reviewed the three most current reports in the record, and therefore its denial of the petition appears to have been via review under § 980.09(2). The court did not, however, review all prior reports in the record as required by the statute. Additionally, the court denied Arends' petition on the grounds that it found no "probable cause" to conduct a discharge hearing, but offered no explanation of its rationale. Probable cause is not the standard required by the statute. We remand to the circuit court to make a determination under § 980.09(2) of whether to grant a discharge hearing on Arends' petition. Accordingly, we affirm the court of appeals' reversal of the circuit court, but modify its instructions.

## I. BACKGROUND

¶ 7. While a minor, Daniel Arends committed multiple sexual assaults and other unlawful acts. As a

---

[3] Wisconsin Stat. § 980.07(6) requires the Department of Health Services to submit an annual re-examination and treatment progress report to the court. In addition to reviewing these reports, § 980.09(2) requires the court to review relevant facts in the petition and in the State's written response, arguments of counsel, and any other supporting documents provided by the petitioner or the State.

result, he spent the years between ages 13 and 18 in juvenile treatment and correctional facilities. As he approached his 18th birthday and his consequent release, the State petitioned to commit him as a "sexually violent person" under Wis. Stat. § 980.02. A jury concluded that Arends met the criteria for commitment as a sexually violent person, and the Washington County Circuit Court, Annette Kingsland Ziegler, Judge, ordered Arends committed to the custody of the Department of Health Services ("Department") in January 2005. The Department then committed him to institutional care at Sand Ridge Secure Treatment Center ("Sand Ridge").[4]

¶ 8. Upon Arends' request, on June 27, 2007, then-Judge Ziegler appointed counsel as well as a psychologist—Dr. Sheila Fields—to examine him. On August 27, 2007, Arends used the standardized form petition provided by the Department[5] to file a petition for discharge from his commitment. On the form,

---

[4] According to the Department, "Sand Ridge is a secure treatment facility in Mauston, W[isconsin], providing specialized treatment services for persons committed under Wisconsin's sexually violent persons law." Sand Ridge Index, http://dhs.wisconsin.gov/SandRidge/ (last visited June 8, 2010).

[5] Wisconsin Stat. § 980.075(1m) requires the Department to develop and make available a "standardized petition form for discharge." The standardized form states, "I request discharge from my commitment pursuant to § 980.075 and § 980.09 because my condition has changed since my initial commitment and I no longer meet the criteria for commitment as a sexually violent person." After this, it provides, "The following facts support my petition," and petitioners are provided two boxes they can check, along with space under each for additional information. The first box states, "I no longer have a mental disorder or my mental disorder has changed because (attach additional sheet if needed)." The second box states, "I am no longer 'more likely than not' to commit an act of sexual violence because (attach additional sheet if needed)."

5

Arends checked the box that states "I am no longer 'more likely than not' to commit an act of sexual violence."[6] Below that, in the space designated for explanation, he typed: "See the attached report of Dr. Shiela [sic] Fields." No other documents or facts were included or alleged in support of his petition.

¶ 9. The Washington County Circuit Court, with John A. Fiorenza, Judge, now presiding, reviewed the three most current reports in its consideration of Arends' petition. It reviewed Dr. Fields' report,[7] a 2007 annual Re-examination Report[8] by Dr. William Schmitt, and a 2007 annual Treatment Progress Report[9] from Sand Ridge.

¶ 10. In her report, Dr. Fields concluded "to a reasonable degree of professional certainty" that Arends was "not more likely than not to sexually

---

[6] In order for a person to be and remain committed as a sexually violent person, the State must prove three things: (1) the person has been adjudicated to have committed a sexually violent offense; (2) the person has a mental disorder that predisposes the person to acts of sexual violence; and (3) the person is more likely than not to commit another violent sexual offense. See Wis. Stat. §§ 980.01(7), 980.02(2), 980.05(3)(a). A person initially committed will ordinarily not be able to challenge requirement one, which is presumably why the standardized discharge petition allows the petitioner seeking discharge to challenge requirements two and three.

[7] Whenever re-examined by the Department's examiner, a committed person has the right to retain, or have the court appoint, an independent examiner. Wis. Stat. § 980.07(1).

[8] Re-examination reports are prepared by an examiner appointed by the Department "at least once each 12 months." Wis. Stat. § 980.07(1).

[9] Treatment progress reports are prepared concurrently with the yearly re-examination reports by the professional who treats a committed person. Wis. Stat. § 980.07(4).

6

reoffend." Dr. Schmitt indicated in his Re-examination Report that he could not confidently offer an opinion as to whether Arends posed a low, medium, or high risk of reoffense. Thus, he was unable to offer an opinion to a reasonable degree of professional certainty "as to whether Mr. Arends [was] 'more likely than not' to commit another sexually violent offense." The Treatment Progress Report from Sand Ridge was, as its title suggests, a treatment report, not an examination of Arends' current propensity to sexually reoffend. Therefore, it contained no opinion as to whether Arends was more likely than not to sexually reoffend.[10]

¶ 11. On September 26, 2007, the circuit court issued a written order denying Arends' petition. The order, in its entirety, stated as follows:

> The court, [sic] has reviewed [Arends'] petition for discharge filed on August 27, 2007 in the above matter, as well as a Treatment Progress Report from Sand Ridge Treatment Center, a Re-examination Report from Dr. William Schmitt, Ph.D. both filed on August 9, 2007, as well as a report from Dr. Sheila Fields filed August 27, 2007.
>
> The court does not find probable cause exists to conduct a hearing on the Petition. Therefore, the Petition for Discharge is hereby denied, without hearing.

¶ 12. Arends appealed, and the court of appeals reversed. *State v. Arends,* 2008 WI App 184, ¶ 1, 315 Wis. 2d 162, 762 N.W.2d 422. The court of appeals first noted that Chapter 980 was "extensively revised" in 2006, replacing a mandatory "probable cause" hearing

---

[10] While it is possible that such a report might contain conclusions regarding the petitioner's current propensity to commit a sexually violent act, in this case no such conclusion was contained in the report.

7

on each discharge petition with a hearing at the court's discretion using a new standard. *Id.*, ¶¶ 8, 13–14. The court of appeals concluded that removal of the "probable cause" language did not create a higher standard or shift the burden to the petitioner to prove he or she is no longer a sexually violent person, as suggested by the State. *Id.*, ¶ 22. Rather, the court of appeals focused on the language of the statute and concluded that Arends' petition, and Dr. Fields' report in particular, contained "facts from which a judge or jury may conclude his condition is changed." *Id.*, ¶ 26. Thus, the court of appeals reversed and remanded, holding that the circuit court should have granted Arends an evidentiary hearing on his discharge petition. *Id.*[11]

## II. STANDARD OF REVIEW

■

¶ 13. This case requires us to interpret and apply Wis. Stat. § 980.09. The interpretation and application of a statute is a question of law that we review de novo, but benefitting from the analysis of the previous courts. *Star Direct, Inc. v. Dal Pra,* 2009 WI 76, ¶ 18, 319 Wis. 2d 274, 767 N.W.2d 898.

## III. DISCUSSION

¶ 14. Our task is to identify the procedures established by the legislature for courts to determine

---

[11] The court of appeals stated that it was remanding for an evidentiary hearing under Wis. Stat. § 980.09(2). *Arends,* 315 Wis. 2d 162, ¶ 1. Given that it later concluded that the petition alleged facts "sufficient for purposes of Wis. Stat. § 980.09(1) and (2)," *id.*, ¶ 25, we assume the court meant a hearing under § 980.09(3) (what this opinion refers to as a "discharge hearing").

whether to grant a discharge hearing on a petition for discharge under Wis. Stat. § 980.09[12] as amended in 2006. Our analysis, therefore, centers on the text of the statute. *See State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d

---

[12] Wisconsin Stat. § 980.09 provides as follows:

**980.09 Petition for discharge.** A committed person may petition the committing court for discharge at any time. The court shall deny the petition under this section without a hearing unless the petition alleges facts from which the court or jury may conclude the person's condition has changed since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person.

(2) The court shall review the petition within 30 days and may hold a hearing to determine if it contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. In determining under this subsection whether facts exist that might warrant such a conclusion, the court shall consider any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state. If the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment, the court shall deny the petition. If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment the court shall set the matter for hearing.

(3) The court shall hold a hearing within 90 days of the determination that the petition contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. The state has the burden of proving by clear and convincing evidence that the person meets the criteria for commitment as a sexually violent person.

(4) If the court or jury is satisfied that the state has not met its burden of proof under sub. (3), the petitioner shall be discharged from the custody of the department. If the court or jury is satisfied that the state has met its burden of proof under sub. (3), the court may proceed under s. 980.08 (4) to determine whether to modify the petitioner's existing commitment order by authorizing supervised release.

9

¶10. We begin by briefly discussing the general statutory scheme in Chapter 980 for the civil commitment of sexually violent persons. We then give an overview of the prior and current versions of the statutory provisions governing petitions for discharge. After this, we analyze the specific procedures established by § 980.09(1) and § 980.09(2), respectively. Finally, we examine the circuit court's actions in this case, concluding that the circuit court did not follow the proper procedures or apply the proper standard of law in its denial of Arends' petition.

A. Civil Commitment Under Chapter 980 Generally

¶ 15. If the State wishes to commit a sexually violent offender, it must file a petition alleging that the person is a "sexually violent person." At trial, the State has the burden of proving, beyond a reasonable doubt, that the person: (1) has been adjudicated to have committed a sexually violent offense;[13] (2) has a mental disorder that predisposes the person to acts of sexual violence; and (3) is more likely than not to commit another violent sexual offense. *See* Wis. Stat. §§ 980.01(7), 980.02(2), 980.05(3)(a). If the trier of fact so finds, the court must commit the person to the custody of the Department, which in turn must place the person into institutional care until the person is no longer a sexually violent person. Wis. Stat. § 980.06.

¶ 16. A committed person must be re-examined by a mental health professional "at least once each 12

---

[13] By referring to adjudication that one has committed a sexually violent offense, we mean to summarize the statute's requirements that the person has been "convicted of a sexually violent offense, . . . adjudicated delinquent for a sexually violent offense, or . . . found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect, or illness . . . ." Wis. Stat. § 980.01(7).

months," at which time the person has the right to also be examined by an independent examiner. Wis. Stat. § 980.07(1).

¶ 17. A committed person wishing to secure his or her release has two options. The person may file a petition for supervised release, which he or she may do no more frequently than every 12 months. Wis. Stat. § 980.08. Alternatively, a committed person may file a petition for discharge, which he or she may do at any time. Wis. Stat. § 980.09(1). The latter is what Arends did in this case.

## B. Petitions for Discharge Generally

¶ 18. Chapter 980 was amended in 2006,[14] and among the changes were revisions to the provisions governing discharge petitions. The prior version of the statute allowed a committed person to petition for discharge in three ways.

¶ 19. First, a committed person could file a discharge petition at any time with the secretary of the Department's authorization. Wis. Stat. § 980.09(1)(a) (2003–04). If proceeding in this fashion, the court was required to hold a discharge hearing. *Id.*

¶ 20. A second avenue for securing discharge was a petition over the objections of the secretary of the Department. Wis. Stat. § 980.09(2)(a) (2003–04). Committed persons were given this option during their annual examination under § 980.07, and were deemed to file a petition for discharge unless they affirmatively waived their right to do so. *Id.* Once the petition was filed, the court was required to conduct "a probable

---

[14] 2005 Wis. Act 434 created the revised statute, which became effective August 1, 2006.

cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person." *Id.* If probable cause did exist, the court was required to conduct a discharge hearing. § 980.09(2)(b) (2003–04).

¶ 21. Finally, a committed person could file for discharge apart from the secretary of the Department's approval or disapproval at any time. Wis. Stat. § 980.10 (2003–04).[15] If the person had previously filed an unsuccessful petition over the secretary's objections, the court could deny the petition "unless the petition contain[ed] facts upon which a court could find that the condition of the person had so changed that a hearing was warranted." *Id.* If the court found that the petition contained such facts, it ordered a probable cause hearing to determine whether a discharge hearing was warranted. *Id.* If the person had not previously filed an unsuccessful petition over the secretary's objections,

---

[15] The language in Wis. Stat. § 980.10 (2003–04) is very similar to the language in the current statute. It provided:

> In addition to the procedures under s. 980.09, a committed person may petition the committing court for discharge at any time, but if a person has previously filed a petition for discharge without the secretary's approval and the court determined, either upon review of the petition or following a hearing, that the person's petition was frivolous or that the person was still a sexually violent person, then the court shall deny any subsequent petition under this section without a hearing unless the petition contains facts upon which a court could find that the condition of the person had so changed that a hearing was warranted. If the court finds that a hearing is warranted, the court shall set a probable cause hearing in accordance with s. 980.09(2)(a) and continue proceedings under s. 980.09(2)(b), if appropriate. If the person has not previously filed a petition for discharge without the secretary's approval, the court shall set a probable cause hearing in accordance with s. 980.09(2)(a) and continue proceedings under s. 980.09(2)(b), if appropriate.

the court was required to conduct a probable cause hearing to determine whether a discharge hearing was warranted. *Id.*

¶ 22. The legislature made substantial changes to the discharge procedures in 2006. One significant change was the elimination of petitions filed with or without approval of the secretary of the Department. Under the current statute, a committed person may simply petition for discharge at any time, and a standard procedure now applies to every petition. Wis. Stat. § 980.09(1). A second notable change was the elimination of the language requiring a "probable cause hearing." Instead, as we discuss below, the legislature replaced a mandatory probable cause hearing with a two-step process similarly aimed at weeding out meritless and unsupported petitions, while still protecting a petitioner's access to a discharge hearing.

### C. Wis. Stat. § 980.09(1)— The Sufficiency of the Petition

¶ 23. To examine the procedure established by § 980.09(1),[16] we begin with the text of the statute:

> A committed person may petition the committing court for discharge at any time. The court shall deny the petition under this section without a hearing unless the petition alleges facts from which the court or jury may conclude the person's condition has changed since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person.

---

[16] The first block of text in Wis. Stat. § 980.09 is not numbered. However, the second block is labeled "(2)." We thus refer to the first block of text as subsection "(1)."

¶ 24. Initially, we observe that § 980.09(1) focuses only on denial of the petition, and not on granting a discharge hearing. This step, then, is an initial review of the petition; an additional step (described in § 980.09(2)) is required for a petitioner to obtain a discharge hearing.

¶ 25. Review under § 980.09(1) is a paper review by the court only of the petition and its attachments.[17] Additional supporting evidence or reports may not be considered at this stage. The statute further specifies that the petition must allege *facts,* not just legal conclusions. A petition which merely states "I am no longer a sexually violent person" without any supporting facts must fail. Conclusory allegations alone are not enough.

¶ 26. The court's task in a § 980.09(1) review is to determine whether the facts alleged are those "from which the court or jury may conclude the person's condition has changed since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person."

¶ 27. The standard here looks to what a court or jury "may conclude" from the allegations in the petition. Thus, in order to pass § 980.09(1) review, the court must determine that a reasonable trier of fact could conclude from the facts alleged in the petition and its attachments that the petitioner does not meet the criteria for commitment as a sexually violent person. Allegations sufficient to support relief for the petitioner would necessarily have to show that the petitioner no longer meets one or more of the three statutory requirements for being a sexually violent person under § 980.01(7). As reflected in the standardized form peti-

---

[17] We understand that when this subsection says "petition," it necessarily includes documents attached to the petition.

tion, the allegations will most likely challenge the requirement that a committed person have a mental disorder that predisposes him or her to acts of sexual violence, and/or that the committed person is more likely than not to commit another violent sexual offense. *See supra* notes 5–6.

¶ 28. The standard under § 980.09(1), then, provides for a very limited review aimed at ensuring the petition is sufficient—that is, whether relief for the petitioner is possible based on the factual allegations in the petition. The clear purpose of such a review is to weed out meritless and unsupported petitions, which is especially important in light of the statute's proviso that petitions for discharge may be filed at any time.

¶ 29. This standard is similar to that used in civil cases to decide a motion to dismiss for failure to state a claim upon which relief can be granted under Wis. Stat. § 802.06(2)(a)(6). When reviewing such a motion, a court analogously considers only the facts alleged in the complaint and its attachments, and must assume that all those alleged facts are true. *Peterson v. Volkswagen of Am., Inc.*, 2005 WI 61, ¶¶ 15–16, 281 Wis. 2d 39, 697 N.W.2d 61. A court grants such a motion only when "no relief can be granted under any set of facts that a plaintiff can prove in support of his or her allegations." *Watts v. Watts*, 137 Wis. 2d 506, 512, 405 N.W.2d 303 (1987).

¶ 30. In sum, § 980.09(1) establishes a limited review of the sufficiency of the petition. It requires the circuit court to engage in a paper review of only the petition and its attachments to determine whether the petition alleges facts from which a reasonable trier of fact could conclude the petitioner is no longer a sexually violent person. If it does not allege such facts, the court

must deny the petition. If such facts are alleged, the court then proceeds to a review under § 980.09(2).

### D. Wis. Stat. § 980.09(2)—
### The Sufficiency of the Evidence

¶ 31. Wisconsin Stat. § 980.09(2) provides as follows:

> The court shall review the petition within 30 days and may hold a hearing to determine if it contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. In determining under this subsection whether facts exist that might warrant such a conclusion, the court shall consider any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state. If the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment, the court shall deny the petition. If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment the court shall set the matter for hearing.

¶ 32. Section 980.09(2) contains a second level of review before a petitioner is entitled to a discharge hearing. Unlike § 980.09(1), where only the petition and its attachments are reviewed, the court in this step is required to examine all of the following items:

(1) any current and past re-examination reports or treatment progress reports filed under Wis. Stat. § 980.07;

(2) relevant facts in the petition and in the State's written response;

16

(3) arguments of counsel; and

(4) any supporting documentation provided by the person or the State.

¶ 33. Some confusion arose at oral argument as to how the circuit court can fulfill its obligation to consider all these items when some of them may not be available or otherwise within the record before the court. The most reasonable reading of this statute is that the court must review all the items enumerated in § 980.09(2) that are in the record at the time of review.[18] The circuit court need not, therefore, seek out evidence not currently before it. It may, however, order the production of any of the enumerated items not in the record, but is not required to do so. The statute supports this interpretation in granting the court the discretion at this stage to hold a separate hearing, distinct from and prior to any discharge hearing.[19] Thus, review under § 980.09(2) is of the specific items listed in the statute, if available or so requested by the court.

¶ 34. The central dispute between the parties is the standard established by § 980.09(2).

[18] The Department must provide all § 980.07 reports to the court when they are created. Wis. Stat. § 980.07(6). The other items (the petition and response, arguments of counsel, and supplemental documents) originate from the parties.

[19] Wisconsin Stat. § 980.09 uses the term "hearing" to describe two distinct events. The first is an optional hearing under § 980.09(2) that the circuit court may hold when determining whether to grant the petitioner a discharge hearing. The discharge hearing under § 980.09(3)-(4) is required before a committed person may be discharged. To avoid confusion, we refer to the hearing under § 980.09(3)-(4) as a "discharge hearing" and the optional hearing under § 980.09(2) as simply a "hearing."

¶ 35. The State argues that when the legislature removed the mandatory "probable cause hearing" from the statute, it intended to elevate the court's gatekeeping role and give courts more discretion to make limited credibility determinations (which courts could not do under the old probable cause standard). The standard, the State reasons, must be higher than probable cause, but lower than clear and convincing evidence (which is the burden the state must meet at the discharge hearing under § 980.09(3)). It recommends a preponderance of the evidence standard, and maintains that it is the petitioner's burden to prove he or she has changed and is no longer a sexually violent person.

¶ 36. Arends counters that the new standard, though not called "probable cause," is by its terms essentially the same. He rejects the notion that the burden shifts to him or that the statute creates a preponderance of the evidence standard, neither of which, he argues, can be found in the statute's language.

¶ 37. We take the standard delineated in the statute at face value. It contains neither the phrase "probable cause" nor the phrase "preponderance of the evidence," both of which are common terms of art that the legislature could have employed. The circuit court's task, according to the statute, is to determine whether the documents and arguments before the court contain "facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person."[20]

---

[20] Section 980.09(2) actually states the standard with three slightly different iterations, sometimes using the phrase "could conclude," sometimes using "may conclude" and other such minor, non-substantive word-choice variances.

18

¶ 38. As with review under § 980.09(1), review here is a limited one. While § 980.09(1) tests whether the allegations in the *petition* and its attachments could support relief, § 980.09(2) tests whether the *record in toto,* including all reports, the petition and any written response, arguments of counsel, and any other documents submitted, contain facts that could support relief for the petitioner at a discharge hearing. Essentially, review under § 980.09(2) ensures that the claims in the petition are supported with actual facts.

¶ 39. This is not to say that the court must take every document a party submits at face value. The court's determination that a court or jury could conclude in the petitioner's favor must be based on facts upon which a trier of fact could reasonably rely. For example, if the evidence shows the expert is not qualified to make a psychological determination, or that the expert's report was based on a misunderstanding or misapplication of the proper definition of a sexually violent person, the court must deny the petition without a discharge hearing despite the report's stated conclusions.[21]

---

[21] Other examples can be found in prior case law. Although these cases all applied the old "probable cause" standard, their results would be the same under the new standard. *See State v. Kruse,* 2006 WI App 179, 296 Wis. 2d 130, 722 N.W.2d 742 (holding that a report favorable to the petitioner was insufficient because it was based solely on evidence that had already formed the basis for the denial of a previous discharge petition); *State v. Fowler,* 2005 WI App 41, 279 Wis. 2d 459, 694 N.W.2d 446 (holding that a report favorable to the petitioner was insufficient because, although it stated that the petitioner had improved, it still concluded he was a sexually violent person); *State v. Thiel,* 2004 WI App 140, 275 Wis. 2d 421, 685 N.W.2d 890 (holding that a report favorable to the petitioner was

¶ 40. We reject the State's argument that the circuit court may weigh evidence favoring the petitioner directly against evidence disfavoring the petitioner. This is impermissible because the standard is not whether the evidence more heavily favors the petitioner, but whether the enumerated items contain facts that would allow a factfinder to grant relief for the petitioner.[22] If the enumerated items do contain such facts, the presence of evidence unfavorable to the petitioner—a re-examination report reaching a conclusion that the petitioner was still more likely than not to sexually reoffend, for example—does not negate the favorable facts upon which a trier of fact might reasonably rely.

¶ 41. We also reject the notion that the burden shifts to the petitioner to prove he or she "no longer meets" the criteria for commitment. The statute focuses on whether a trier of fact could conclude that the petitioner "does not meet the criteria for commitment." The petitioner does not need to prove a change in status in order to be entitled to a discharge hearing; the petitioner need only provide evidence that he or she does not meet the requirements for commitment.

¶ 42. The standard prescribed by § 980.09(2) is similar to that used in a civil action to decide a motion to dismiss at the close of evidence under Wis. Stat. § 805.14(4). The § 805.14 standard likewise tests

insufficient because, although it concluded he would be safe to place on supervised release, it also concluded he was still a sexually violent person).

[22] As we noted when examining § 980.09(1), to support relief for the petitioner, evidence would necessarily have to show that the petitioner does not meet one or more of the three statutory requirements for being a sexually violent person under Wis. Stat. § 980.01(7).

whether the record contains any evidence that would support relief for the plaintiff. *See Am. Family Mut. Ins. Co. v. Dobrzynski,* 88 Wis. 2d 617, 624–25, 277 N.W.2d 749 (1979).

■

¶ 43. To conclude, Wis. Stat. § 980.09(2) establishes a limited review of the sufficiency of the evidence. The court is required to review the items specifically enumerated if available, and may order those items to be produced and/or conduct a hearing at its discretion. The circuit court must determine whether the enumerated items contain any facts from which a reasonable trier of fact could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person. If any facts support a finding in favor of the petitioner, the court must order a discharge hearing on the petition; if no such facts exist, the court must deny the petition.

### E. Application to Arends' Petition

¶ 44. In the case at bar, the circuit court denied Arends' petition without a discharge hearing, and reviewed three documents to aid its decision: Dr. Fields' report, Dr. Schmitt's Re-examination Report, and the Treatment Progress Report from Sand Ridge. The circuit court did not state whether it was denying the petition under § 980.09(1) or (2). Because it considered evidence outside of the petition and its attachment (Dr. Fields' report), it appears that the circuit court's denial was issued after a § 980.09(2) analysis.

¶ 45. The record indicates that the circuit court did not consider all of the items it was required to consider under § 980.09(2). Arends was committed in 2005, and was re-examined as required by § 980.07 in

21

2005, 2006, and 2007. The record before us on appeal contains a Re-examination Report and Treatment Progress Report for each of those years.[23] The circuit court's written order reflects that it considered only the 2007 reports along with Dr. Fields' report. The court, therefore, did not consider all current or past reports filed under § 980.07 as required by § 980.09(2).

¶ 46. Furthermore, the circuit court denied Arends' petition for discharge on the grounds that "probable cause" did not exist to hold a discharge hearing. It offered no further explanation of its decision. Our opinion today clarifies that probable cause is not the proper standard under this new statute.

¶ 47. It is axiomatic that a circuit court must create a record of its reasoning sufficient to facilitate appellate review. *See In re John Doe Proceeding,* 2003 WI 30, ¶ 57, 260 Wis. 2d 653, 660 N.W.2d 260 ("[O]ur system of justice demands that there be some basis [for a judge's decision] set forth to facilitate review."). Had the circuit court explained its reasoning, we might have been able to determine whether it applied the proper standard, even if under a different name. As it is, we cannot.

¶ 48. Though able to review the evidence in this case ourselves, we choose instead to remand to the circuit court so that it may have an opportunity to conduct a review under § 980.09(2)[24] following the procedures and applying the standards we announce today. *See State ex rel. Skibinski v. Tadych,* 31 Wis. 2d 189, 199, 142 N.W.2d 838 (1966) (noting that when a

---

[23] The two reports filed in 2005 were filed under the old statute, which provided that a committed person's first re-examination had to occur within six months of commitment, not 12. *See* Wis. Stat. § 980.07(1) (2003–04).

[24] We are confident that § 980.09(1) is satisfied because Arends' petition alleges that Dr. Fields' report supports his

circuit court fails to make findings of fact and conclusions of law, this court may either review the evidence itself or remand to the circuit court to carry out that task).

¶ 49. On remand, the circuit court must consider all the items enumerated in § 980.09(2), including all the § 980.07 reports (Re-examination Reports and Treatment Progress Reports) that have been filed since the beginning of Arends' commitment.[25] The court may order additional enumerated items to be produced, and may hold a hearing to aid its determination. The circuit court must determine whether the record before it contains facts from which a reasonable trier of fact could conclude that Arends does not meet the criteria for commitment as a sexually violent person.

¶ 50. If the court concludes that such facts are present, the court must order a discharge hearing on the petition. If the court denies Arends' petition without a discharge hearing, it must create a record of its rationale sufficient to facilitate appellate review.

assertion that he is no longer more likely than not to sexually reoffend, and Dr. Fields does in fact reach this conclusion in her report.

Additionally, while § 980.09(1) is a separate level of review, we do not believe a trial court need issue an order explaining its rationale if a petitioner satisfies the requirements of § 980.09(1). This would needlessly burden trial judges, who would, in many cases, proceed seamlessly from a § 980.09(1) review to a § 980.09(2) review without notice to the parties. Because any appellate court conducting a review of a § 980.09(2) determination (either a grant or denial of a discharge hearing) would necessarily review the petition as well as its attachments, this approach neither hinders appellate review nor affects the rights of the parties.

[25] The court should also consider any such documents filed with the court since Arends filed this petition.

## IV. CONCLUSION

¶ 51. We conclude that § 980.09 requires the circuit court to follow a two-step process in determining whether to hold a discharge hearing.

¶ 52. Under § 980.09(1), the circuit court engages in a paper review of the petition only, including its attachments, to determine whether it alleges facts from which a reasonable trier of fact could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person. This review is a limited one aimed at assessing the sufficiency of the allegations in the petition. If the petition does allege sufficient facts, the circuit court proceeds to a review under § 980.09(2).

¶ 53. Wisconsin Stat. § 980.09(2) requires the circuit court to review specific items enumerated in that subsection, including all past and current reports filed under § 980.07. The circuit court need not, however, seek out these items if they are not already within the record. Nevertheless, it may request additional enumerated items not previously submitted, and also has the discretion to conduct a hearing to aid in its determination. The circuit court's task is to determine whether the petition and the additional supporting materials before the court contain facts from which a reasonable trier of fact could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person.

¶ 54. In this case, the circuit court reviewed the three most current reports in the record, and therefore its denial of the petition appears to have been via review under § 980.09(2). The court did not, however, review all prior reports in the record as required by the statute. Additionally, the court denied Arends' petition on the grounds that it found no "probable cause" to conduct a discharge hearing, but offered no explanation of its rationale. Probable cause is not the standard required

24

by the statute. We remand to the circuit court to make a determination under § 980.09(2) of whether to grant a discharge hearing on Arends' petition. Accordingly, we affirm the court of appeals' reversal of the circuit court, but modify its instructions.

*By the Court.*—The decision of the court of appeals is modified and affirmed, and as modified, the cause remanded to the circuit court.

¶ 55. ANNETTE KINGSLAND ZIEGLER, J., did not participate.

¶ 56. DAVID T. PROSSER, J. (*dissenting*). I respectfully dissent from the majority opinion's analysis of the statute.

¶ 57. Wisconsin Stat. § 980.09(1) reads:

A committed person may petition the committing court for discharge at any time. The court shall deny the petition under this section without a hearing *unless the petition alleges facts from which the court or jury may conclude the person's condition has changed since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person.* (Emphasis added.)

¶ 58. The import of this subsection is that the petition must allege *facts* from which the court or a jury may conclude *the person's condition has changed since his or her commitment* so that the person does not meet the criteria for commitment any more. If the petition fails to allege such facts, the petition must be dismissed because it is deficient on its face. The flip side of this proposition is that a facially sufficient petition should normally lead to a discharge hearing.

¶ 59. Wisconsin Stat. § 980.09(2) reads:

[1] The court shall review the petition within 30 days and may hold a hearing to determine if it contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. [2] In determining under this subsection whether facts exist that might warrant such a conclusion, the court shall consider any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state. [3] If the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment, the court shall deny the petition. [4] If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment the court shall set the matter for hearing.

¶ 60. Subsection (2) provides that the court shall review the petition within 30 days. The court may be uncertain about the sufficiency of the petition. In addition, the state may challenge the sufficiency of the petition on the facts alleged or on the law. In either event, the court may hold a hearing to determine whether the petition contains facts "from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person." Wis. Stat. § 980.09(2). "If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment *the court shall set the matter for hearing.*" *Id.* (emphasis added).

¶ 61. Subsection (2) appears to be somewhat ambiguous. The first sentence reiterates that the court shall review *the petition* and may hold a hearing to determine if it [the petition] contains appropriate "facts." The third sentence of the subsection also refers to facts *in the petition.*

26

¶ 62. In contrast, the second sentence asks "whether facts exist" and requires the court to examine "relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state."[1] The fourth sentence does not specifically refer to the petition; it refers to "facts that exist." In light of the second sentence, I read the phrase "facts that exist" to mean facts that come out in the court's consideration of submissions, testimony, and argument subsequent to the petition, irrespective of whether those "facts" were alleged in the petition.

¶ 63. The optional hearing to evaluate the petition may strengthen the petitioner's case for a discharge hearing. The consideration of items enumerated in the second sentence of (2), including argument, also may support the petition.

¶ 64. The real question here is whether a facially sufficient petition can be successfully rebutted in the optional hearing or in the court's consideration of other matters, including argument.

¶ 65. If testimony or argument at the optional hearing or the consideration of enumerated items out-

---

[1] The second sentence also requires the court to consider "any current or past reports filed under s. 980.07." Wisconsin Stat. § 980.07 requires that a committed person be reexamined "at least once each 12 months to determine whether the person has made sufficient progress for the court to consider whether the person should be placed on supervised release or discharged." Wis. Stat. § 980.07(1). At the time of reexamination, "the person . . . may retain or have the court appoint an examiner as provided under s. 980.031(3)." If the person is unable to reference in his petition a favorable report from the state's examiner or his own examiner, the petition is unlikely to allege "facts" from which a jury could conclude that the person no longer meets the criteria for commitment.

side the petition persuades the court to disregard a facially sufficient petition, the petitioner is effectively denied his statutory right to a jury trial.

¶ 66. Thus, in my view, a facially sufficient petition requires a discharge hearing under Wis. Stat. § 980.09(3) unless the state shows that the "facts" alleged in the petition cannot be substantiated or the allegations in the petition are deficient as a matter of law.

¶ 67. In this case, Arends' petition was facially sufficient because of the favorable report of Dr. Sheila Fields attached to the petition. I see nothing in the record that negates or invalidates the facial sufficiency of the "fact" of Dr. Shields' favorable evaluation. Thus, I perceive no legal basis for remanding the case for reconsideration of the sufficiency of the petition under Wis. Stat. § 980.09(2). Arends is entitled to a discharge hearing.[2]

¶ 68. If my reading of the statute is incorrect, the legislature should clarify Wis. Stat. § 980.09(2) so that its intent is clear.

¶ 69. For the foregoing reasons, I respectfully dissent.

---

[2] At this point, the court would be bound to consider—at a reconsideration hearing under Wis. Stat. § 980.09(2) or a discharge hearing under Wis. Stat. § 980.09(3)—the most current information described in ¶ 51 of the majority opinion.