¶ 41.
SHIRLEY S. ABRAHAMSON, J.
{concurring). I too would affirm the decision of the court of appeals. I do not, however, join the opinion of the court because it strays too far from the text of Wis. Stat. § 980.09(2) and fails to provide a practical, sound interpretation and application of the statutory language "facts from which a circuit court could conclude that the petitioner does not meet the criteria for commitment as a sexually violent person." (Emphasis added.) Unlike the majority, I conclude that the "facts" must be relevant facts of consequence to the issue at hand. Not just any old facts will do.
¶ 42. Here are the words of Wis. Stat. § 980.09(2) (2011-12) (emphasis added):
(2) The court shall review the petition within 30 days and may hold a hearing to determine if it contains facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person. In determining under this subsection whether facts exist that might warrant such a conclusion, the court shall consider any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, argu- *635 merits of counsel, and any supporting documentation provided by the person or the state. If the court determines that the petition does not contain facts from which a court or jury may conclude that the person does not meet the criteria for commitment, the court shall deny the petition. If the court determines that facts exist from which a court or jury could conclude the person does not meet criteria for commitment the court shall set the matter for hearing.
¶ 43. It is important to recognize that Wis. Stat. § 980.09(2) (2011-12) was revised in 2013 (effective Dec. 14, 2013).[1] Because of the revision, the majority *636 opinion is limited to interpreting and applying the pre-2013 statute. See majority op., ¶ 1 n.1. The majority opinion interprets the 2011-12 version of Wis. Stat. § 980.09(2) and does not govern the interpretation and application of the revised 2013 statute. I address the 2011-12 version of Wis. Stat. § 980.09(2), as does the majority opinion.
¶ 44. Under Wis. Stat. § 980.09(2), the court decides as a matter of law, independently of the circuit court and court of appeals, whether facts exist from which a reasonable fact-finder may conclude that the petitioner does or does not meet the criteria for commitment.[2]
¶ 45. The majority opinion too often ties the "facts" in the instant petition to the psychologist's ultimate conclusion or overall risk assessment, which remained the same since the psychologist's last report, or to a jury's recent denial of Talley's prior petition. See majority op., ¶¶ 1, 29, 30, 32-35, 39.
¶ 46. A fact-finder is not bound by the psychologist's ultimate conclusion or overall risk assessment or the last jury's verdict; a fact-finder is bound by the "facts." True, the psychologist's unchanged conclusion may be probative of whether the petitioner still meets the commitment criteria. But, to the extent that the majority opinion can be interpreted as requiring a change in the psychologist's conclusions in order for a court to rule in favor of a discharge hearing, the opinion goes too far.[3]
*637 ¶ 47. In addition to this misstep, the majority makes no attempt to interpret and apply the statutory word "facts."
¶ 48. Unfortunately, the majority opinion refuses to limit the facts required in the petition under Wis. Stat. § 980.09(2) to "significant" facts or "material" facts. According to the majority, "[a]dding adjectives to the statute is unnecessary to resolve this case." Majority op., ¶ 38.
¶ 49. This refusal is disingenuous. The majority opinion readily accepts prior case law adding the word "new" to Wis. Stat. § 980.09(2). See majority op., ¶¶ 29, 30, 34, 35. Also, the majority opinion seems to dismiss as "facts" Talley's self-reported facts. See majority op., if 28, 32-33. The majority opinion explains that it could not determine on the basis of the facts that Talley was no longer a sexually violent person. See majority op., ¶¶ 36, 37, 40. The majority reaches this conclusion without an explanation. Are readers supposed to infer that Talley's self-reported facts are to be ignored?
¶ 50. In contrast to the majority opinion, the court of appeals examined the petition for "significant" facts. Similarly, the State asserts that the facts in the petition must be "material" facts and facts "of consequence." See majority op., ¶¶ 36, 38. But the majority opinion refuses to read the word "facts" as meaning "significant" or "material" facts because, according to the majority opinion, the legislature did not use the words "significant" or "material." See majority op., ¶ 38.
¶ 51. The majority opinion's reasoning for refusing to interpret the statutory word "facts" as "signifi *638 cant" or "material" is specious. The applicable statute, Wis. Stat. § 980.09(2), explicitly requires the court to consider "relevant facts in the petition."[4] Thus, the very text of § 980.09(2) requires the facts in the petition to be "relevant" to the contested issue, that is, facts that relate to whether the petitioner does or does not meet the criteria for commitment as a sexually violent person.
¶ 52. Furthermore, Wis. Stat. § 980.09(2)'s use of the word "facts" integrally incorporates the concept of relevancy.[5] The Wisconsin Rules of Evidence define "facts" as facts of consequence to the determination of the action.[6] " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Wis. Stat. § 904.01.
¶ 53. The State uses the words "material" and "facts of consequence" rather than the word "relevant" to describe the statutory word "facts." These words, "relevant" and "material," have historically been used *639 interchangeably.[7] The following definitions of "relevant" and "material," appearing in McCormick, Evidence (hornbook series), § 152, at 315-16, were adopted by the court in State v. Becker, 51 Wis. 2d 659, 666-67, 188 N.W.2d 449 (1971):
In the courtroom the terms relevancy and materiality are often used interchangeably, but materiality in its more precise meaning looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to prove a proposition which is not a matter in issue nor probative of a matter in issue, the evidence is properly said to be immaterial. * * * Relevancy in logic is the tendency of evidence to establish a proposition which it is offered to prove. Relevancy, as employed by judges and lawyers, is the tendency of the evidence to establish a material proposition.[8]
*640 ¶ 54. I agree with the State that the word "facts" in Wis. Stat. § 980.09(2) means "material facts," or if the reader prefers, "relevant facts."
¶ 55. I conclude as a matter of law that the "facts" upon which Talley relies are on the whole short-lived (the facts occurred within the last six months), and considering the entire record appear at this time minimal and inconsequential, and are not facts from which a reasonable fact-finder may conclude that Talley does not meet the criteria for commitment.
f 56. The majority opinion will take litigants and circuit courts off course. It overlooks the meaning of the statutory word "facts" and fails to provide a practical, sound meaning of the word "facts" used in Wis. Stat. § 980.09(2).
¶ 57. For the reasons set forth, I agree that the decision of the court of appeals should be affirmed, but I do not join the majority opinion.
¶ 58. I am authorized to state that Justice ANN WALSH BRADLEY joins this concurring opinion.

 The statute was amended in 2013 to read as follows (emphasis added):
(2) In reviewing the petition, the court may hold a hearing to determine if the person's condition has sufficiently changed such that a court or jury would likely conclude the person no longer meets the criteria for commitment as a sexually violent person. In determining under this subsection whether the person's condition has sufficiently changed such that a court or jury would likely conclude that the person no longer meets the criteria for commitment, the court may consider the record, including evidence introduced at the initial commitment trial or the most recent trial on a petition for discharge, any current or past reports filed under s. 980.07, relevant facts in the petition and in the state's written response, arguments of counsel, and any supporting documentation provided by the person or the state. If the court determines that the record does not contain facts from which a court or jury would likely conclude that the person no longer meets the criteria for commitment, the court shall deny the petition. If the court determines that the record contains facts from which a court or jury would likely conclude the person no longer meets the criteria for commitment, the court shall set the matter for trial.
For two recent court of appeals cases applying the amended statute, see In re Commitment of David Hager, Jr., No.2015AP330, unpublished slip op. (Wis. Ct. App. Jan. 24, 2017) (recommended for publication); In re Commitment of Howard Carter, 2015AP1311, unpublished slip op. (Wis. Ct. App. Jan. 24, 2017) (recommended for publication).

 The facts alleged are accepted as true. The question of law presented to this court is the interpretation and application of Wis. Stat. § 980.09(2) to undisputed facts. State v. Arends, 2010 WI 46, ¶ 13, 325 Wis. 2d 1, 784 N.W.2d 513.

 "[T]he presence of evidence unfavorable to the petitioner-—a re-examination report reaching a conclusion that *637 the petitioner was still more likely than not to sexually reoffend, for example—does not negate the favorable facts upon which a trier of fact might reasonably rely." Arends, 325 Wis. 2d 1, ¶ 40.

 See also Arends, 325 Wis. 2d 1, ¶ 32 ("the court... is required to examine . . . relevant facts in the petition and in the State's written response.").

 "[A]ny fact which tends to prove a material issue is relevant, even though it is only a link in the chain of facts which must be proved to make the proposition at issue appear more or less probable. Relevancy is not determined by resemblance to, but by the connection with, other facts." Oseman v. State, 32 Wis. 2d 523, 526, 145 N.W.2d 766 (1966) (quoting 1 Ronald A. Anderson, Wharton's Criminal Evidence § 148, at 284-87 (12th ed. 1955) (quoted in Judicial Council Committee's Note, 1974, Wis. Stat. Ann. § 904.01 (West 2000)).

 "Chapters 901 to 911 govern proceedings in the courts of the state of Wisconsin except as provided in ss. 911.01 and 972.11." Wis. Stat. § 901.01.

 See 10 Ted M. Warshafsky & Frank T. Crivello II, Wisconsin Practice Series: Trial Handbook for Wisconsin Lawyers § 13.02 (3d ed. 2016) ("[Ajlthough the distinction [between relevance and materiality] is one of traditional logic and historical interest, it has little substantive meaning in modern trial practice.").

 The Wisconsin Rules of Evidence do not refer to the concept of materiality except in the Comment to Wis. Stat. § 904.01. See Wisconsin Rules of Evidence, 59 Wis. 2d R1, R67; Judicial Council Committee's Note, 1974, Wis. Stat. Ann. § 904.01 (West 2000) (the Judicial Council Committee's Note states that McCormick's view of the distinction between materiality and relevancy is imported into Wis. Stat. § 904.01 by the phrase "that is of consequence to the determination of the action.").
For a more recent discussion of relevancy and materiality, see 1 McCormick on Evidence § 185, at 994-95 (Kenneth S. Broun ed., 7th ed. 2013) ("There are two components to relevant evidence: materiality and probative value. Materiality concerns the fit between the evidence and the case. It looks to the relation between the propositions that the evidence is *640 offered to prove and the issues in the case. ... The second aspect of relevance is probative value, the tendency of evidence to establish the proposition that it is offered to prove.")