# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:      2018AP2142

†Petition for review filed

Complete Title of Case:

### IN RE THE COMMITMENT OF TAVODESS MATTHEWS:

### STATE OF WISCONSIN,

#### PETITIONER-RESPONDENT,

#### V.

### TAVODESS MATTHEWS,

#### RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | May 12, 2020 |
| Submitted on Briefs: | December 5, 2019 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, P.J., Dugan and Donald, JJ. |
|     Concurred: | |
|     Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the briefs of *Dustin C. Haskell* of the *Office of the State Public Defender* in Milwaukee. |
| Respondent<br>ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the brief of *Joshua L. Kaul* and *Sara Lynn Shaeffer* of the *Wisconsin Department of Justice* in Madison. |

**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 12, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2142**

STATE OF WISCONSIN

Cir. Ct. No. 2018CI3

**IN COURT OF APPEALS**

IN RE THE COMMITMENT OF TAVODESS MATTHEWS:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

  V.

TAVODESS MATTHEWS,

       RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MAXINE A. WHITE, Judge. *Affirmed.*

Before Brash, P.J., Dugan and Donald, JJ.

¶1    DUGAN, J.  Tavodess Matthews appeals a nonfinal order denying his motion for judicial substitution.[1]

¶2    Matthews argues that he requested substitution of the assigned judge in the case before any substantive issue was resolved and, therefore, the trial court was required to grant substitution.  We disagree and, therefore, affirm.

## BACKGROUND

¶3    On July 27, 2018, the State filed a petition, with an attached report, in the Milwaukee County Circuit Court seeking an order committing Matthews as a sexually violent person under ch. 980 of the Wisconsin Statutes.  The trial court then issued an ex parte order finding that the petition and attachment established probable cause that Matthews was a sexually violent person.  The trial court also scheduled an August 15, 2018 probable cause hearing, ordered Matthews' detention, and ordered that the probable cause hearing be held no later than ten days after Matthews' August 7, 2018 release date.  When Matthews was released from Green Bay Correctional Institution, he was temporarily detained until the probable cause hearing could be conducted.

¶4    On August 15, 2018, at 3:55 p.m., the trial court began the probable cause hearing.  Trial counsel advised the court that Matthews was requesting an

_____

[1] This court granted leave to appeal the September 20, 2018 nonfinal order of Chief Judge Maxine A. White.  *See* WIS. STAT. RULE 809.50(3) (2017-18).  We refer to Judge White as the chief judge.  The chief judge's order affirmed the order of the Honorable Michelle Ackerman Havas who presided over the proceeding against Matthews under ch. 980 of the Wisconsin Statutes to commit Matthews as a sexually violent person and denied his motion for judicial substitution.  We refer to Judge Havas as the trial court.

On January 16, 2020, Judge White was appointed as a court of appeals judge in this district.  Judge White has not participated in our consideration of this appeal.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

adjournment because trial counsel had first met him earlier that day and that before proceeding with the probable cause hearing, counsel needed more time to talk with Matthews and to prepare for an effective cross-examination of the State's witness.

¶5      The State objected for the record. The State also acknowledged that its only witness was not present. The State told the trial court that, when trial counsel informed it earlier that day that Matthews was going to request the adjournment, the State told the witness not to appear.

¶6      The trial court discussed Matthews' request for the adjournment at length stating,

> I had an opportunity to speak with the parties in chambers.]… I expressed at that time my disappointment that we were unable to go forward.…
>
> … I have a number of what I believe are family members of Mr. Matthews … who are here. They've been waiting all afternoon, and I know that they've come into the courtroom a couple times with some small children. This is not convenient for anyone.
>
> In addition to that, the [c]ourt did have time on [its] calendar this afternoon to accomplish this. Additionally, I was asked to help out another court this morning; and I did not. I turned that down because we had what would amount to at least an hour's worth of testimony, probably more once cross-examination is done. I was set to do that.
>
> It is rare that this [c]ourt has a couple of hours to dedicate to a case, and we did, and we were all set. And I didn't hear a word about this until [the prosecutor] reached out this morning right before noon to say that she had received a text from [trial counsel] that said, ["]We're going to request an adjournment today. We're not ready to go.["]
>
> That is a waste of the [c]ourt's time. It's a waste of the parties' time. It's a waste of the family members' time. Mr. Matthews has been brought all the way down here for this hearing, and we're not able to do it.

¶7      Referring to trial counsel, the trial court further stated,

> I understand that people have vacations and that you were out of town … ; but at least the respect to say we're back and not ready to go today would have freed a lot of people up, including the witness who was ready to come down to be at this hearing.

The trial court then asked Matthews if he waived the time limits on the probable cause hearing, noting that he had not been given much of a choice, and adjourned the hearing until August 29, 2018.

¶8      On the morning of the August 29, 2018 hearing, Matthews filed a request for judicial substitution.  The trial court began the hearing by raising the request for substitution.  The State objected to substitution.  The trial court then denied the judicial substitution request as untimely stating that at the first probable cause hearing, despite the State's objection to the adjournment, it had accepted Matthews' waiver of the time limits for the probable cause hearing, which was a substantive decision.[2]  Matthews then said that he would seek review of the trial court's decision by the chief judge, and the trial court adjourned the hearing.

¶9      Matthews then filed a request for review of the denial of his request for substitution.  On September 20, 2018, the chief judge issued an order affirming the trial court's decision, holding that because Matthews requested and received a waiver of his statutory right to a probable cause hearing within ten days of his

---

[2] To be complete, we note that the trial court also stated that it had done an *Arends* review when the petition was originally filed and signed findings and orders that related to the matter, which it believed was another substantive issue that was raised.  The chief judge did not mention that basis for denial of the substitution request.

On appeal, the parties agree that the trial court's ex parte review of the petition was not a review under *State v. Arends*, 2010 WI 46, 325 Wis. 2d 1, 784 N.W.2d 513, because that occurs only in discharge proceedings.  The parties do not further discuss the trial court's mischaracterization.  We also do not further mention it.

4

scheduled release date, the trial court properly denied his request for judicial substitution as untimely.

¶10    This appeal follows.

## DISCUSSION

¶11    Matthews argues that his substitution request preceded any ruling by the trial court on a substantive issue in the case and, therefore, the trial court was required to grant his substitution request.  The State argues that the denial of Matthews' request for judicial substitution was proper because the request was not filed before the trial court had presided over a preliminary contested matter.

### I.      The standard of review and the applicable law

¶12    The determination of whether a party is entitled to the substitution of the assigned judge under WIS. STAT. § 801.58(1)[3] is a question of statutory interpretation that we review *de novo*.  *See **DeWitt Ross & Stevens, S.C. v. Galaxy Gaming and Racing Ltd. P'ship***, 2003 WI App 190, ¶33, 267 Wis. 2d 233, 670 N.W.2d 74, *aff'd in part, rev'd in part on other grounds*, 2004 WI 92, 273 Wis. 2d 577, 682 N.W.2d 839.  "[W]hen the language of a statute is unambiguous, "'statutory interpretation ... is confined to the language of the statute.'"  ***Columbus Park Hous. Corp. v. City of Kenosha***, 2003 WI 143, ¶10, 267 Wis. 2d 59, 671 N.W.2d 633 (citations and three sets of brackets omitted; one set of brackets added).

¶13    WISCONSIN STAT. § 801.58(1) provides in relevant part:

> Any party to a civil action or proceeding may file a
> written request, signed personally or by his or her attorney,

---

[3] The parties agree that WIS. STAT. § 801.58(1) applies in ch. 980 commitment proceedings.

> with the clerk of courts for a substitution of a new judge for the judge assigned to the case. The written request *shall be filed preceding the hearing of any preliminary contested matters* and, if by the plaintiff, not later than 60 days after the summons and complaint are filed or, if by any other party, not later than 60 days after service of a summons and complaint upon that party.

(Emphasis added.)

### II. Matthews' judicial substitution request was untimely

¶14 Matthews argues the trial court was required to grant his substitution request because the request preceded any ruling by the trial court on a substantive issue in the case, citing **State ex rel. Tarney v. McCormack**, 99 Wis. 2d 220, 234, 298 N.W.2d 552 (1980). Matthews further argues that the only contested matter that the trial court resolved was whether to extend the statutory deadline for holding a probable cause hearing and that no Wisconsin court has held that a ruling on a motion to adjourn is a preliminary contested matter.

¶15 The State notes that Matthews does not dispute that a probable cause hearing is a "contested matter." It goes on to argue that the plain language of Wis. Stat. § 801.58(1) provides that a "written request [for a judicial substitution] shall be filed *preceding* the hearing of any preliminary contested matter[]"—it does not provide that a party seeking judicial substitution make the request before a court *rules* on a contested matter. (Emphasis added.) The State also argues that case law supports the decision that Matthews' request for substitution was untimely.

¶16 The issue before us is whether the judicial substitution request was untimely because the adjournment of the probable cause hearing was a "preliminary contested matter[]" under Wis. Stat. § 801.58(1). We conclude that the adjournment of the hearing to determine whether there was probable cause to

commit Matthews as a sexually violent person under ch. 980 of the Wisconsin Statutes was a preliminary contested matter and, therefore, Matthews' subsequent judicial substitution request was properly denied as untimely.

¶17  WISCONSIN STAT. § 801.58(1) states that the request must be filed "preceding the hearing of any preliminary contested matters[.]"  We conclude that that the plain language of the statute itself does not require a trial court ruling on a substantive issue.  *See State ex rel. Tarney*, 99 Wis. 2d at 234 (stating that "[t]he statutory provisions on substitution require that the request be filed before the judge has *heard* any contested matter") (emphasis added)).

¶18  In *State ex rel. Sielen v. Circuit Court for Milwaukee County*, our supreme court stated that "[a]llowing a request for substitution after a hearing on a motion to compel discovery would allow a party to inappropriately 'test the waters' before a particular judge and then seek substitution."  *See id.*, 176 Wis. 2d 101, 114, 499 N.W.2d 657 (1993).  In holding that the motion to compel in that probate action was a "preliminary contested matter," the supreme court observed that the trial court's powers in resolving the motion to compel included potentially barring a party from presenting any evidence which "obviously implicates the merits of the case[.]"  *See id.*

¶19  In this case, the matter was set for a contested probable cause hearing—not a motion to adjourn the hearing.  It was not until the matter was called on the record that trial counsel advised the trial court that Matthews was asking for an adjournment of the hearing.  The trial court heard the contested motion to adjourn the probable cause proceeding; commented at length on the request; then accepted Matthews' waiver of the ten-day deadline for holding the hearing; and, in the

exercise of its discretion,[4] granted the adjournment. However, the trial court had the power to deny the request for adjournment and to proceed with the probable cause hearing. Therefore, as with the discovery ruling in *Sielen*, the trial court's adjournment ruling "obviously implicate[d] the merits of the case." *See id.* The trial court's ruling must merely implicate the merits of the case. *See id.*

¶20 *Galaxy Gaming and Racing Ltd. Partnership* also supports our conclusion that the phrase "preliminary contested matters" does not require that the trial court rule on a substantive issue. *See id.*, 267 Wis. 2d 233, ¶¶33-38. *Galaxy Gaming and Racing Ltd. Partnership* arose from a law firm's action against former clients, including a partnership and a guarantor, to recover legal fees incurred in prior litigation. *See id.*, ¶¶5-9. The partnership filed an answer to the complaint and a motion for an emergency protective order delaying depositions until the partnership had reviewed discovery materials. *See id.*, ¶¶10, 36. The law firm then filed a motion to compel discovery. *Id.*, ¶10. The trial court denied the partnership's motion for a protective order, granted the law firm's motion to compel, and imposed costs on the partnership. *Id.* Then, after the guarantor was served with the complaint, the guarantor filed an answer and a request for substitution. *Id.*

¶21 The trial court denied the request for substitution as untimely, concluding that the hearing on the discovery motions was a hearing on a preliminary contested matter and that the guarantor and the partnership were a single party. *Id.*, ¶36.[5] On appeal, this court affirmed. *See id.*, ¶¶36-38. We held that *Sielen* was

---

[4] *See State v. Leighton*, 2000 WI App 156, ¶27, 237 Wis. 2d 709, 616 N.W.2d 126 (stating that whether to grant or deny an adjournment is left to the trial court's sound discretion).

[5] The guarantor requested that the chief judge of the judicial district review the decision denying judicial substitution. *See DeWitt Ross & Stevens, S.C. v. Galaxy Gaming and Racing Ltd. P'ship*, 2003 WI App 190, ¶10, 267 Wis. 2d 233, 670 N.W.2d 74 *aff'd in part, rev'd in part on other grounds*, 2004 WI 92, 273 Wis. 2d 577, 682 N.W.2d 839. The chief judge affirmed. *Id.*

controlling and that the discovery motion hearing was a preliminary contested matter within the meaning of WIS. STAT. § 801.58(1). *See Galaxy Gaming and Racing Ltd. P'ship*, 267 Wis. 2d 233, ¶38.

¶22 In this case, during the probable cause hearing before the trial court, Matthews requested an adjournment and the State objected. *See* WIS. STAT. § 980.04(2)(b)2. The trial court had to decide whether there was good cause to adjourn the hearing and whether to accept Matthews' waiver of the hearing deadline. *See Galaxy Gaming and Racing Ltd. P'ship*, 267 Wis. 2d 233, ¶37-38. The trial court's decisions had implications for further proceedings on the merits of the State's petition to commit Matthews as a sexually violent person. *See State ex rel. Sielen*, 176 Wis. 2d at 114.

¶23 We note that our supreme court has stated that the reason for the statutory requirement that a substitution request must be filed before a hearing on a preliminary contested matter is that "[a] litigant who does not like the way a judge is handling a matter should not be able to substitute a second judge simply because the litigant believes things are going badly before the first judge and hopes to obtain a more favorable tribunal." *See State ex rel. Sielen*, 176 Wis. 2d at 109 (citation omitted).

¶24 Matthews argues that the trial "court simply adjourned the hearing[.]" However, as previously stated, before ruling on the request to adjourn the probable cause hearing, the trial court "expressed … [its] disappointment that [the hearing was] unable to go forward," further stating that it was "a waste of the [c]ourt's time. It's a waste of the parties' time. It's a waste of the family members' time. Mr. Matthews has been brought all the way down here for this hearing, and we're

not able to do it." The trial court also suggested that, out of respect for others, trial counsel could have made an earlier request for adjournment.

¶25 Here, the record supports our determination that Matthews' request for judicial substitution was untimely under WIS. STAT. § 801.58(1) because it was filed after the trial court heard a "preliminary contested matter"—the request for adjournment at the probable cause hearing which had implications for the merits of the case.

## CONCLUSION

¶26 For the reasons stated, we affirm.

*By the Court.*—Order affirmed.