¶ 59.
ANNETTE KINGSLAND ZIEGLER, J.
(concurring). Like the court, I conclude that Talley is not entitled to a discharge hearing. While I agree with much of the court's analysis, I write to clarify the opinion and join the opinion only if it is interpreted consistent with this concurrence. In this concurrence, I will point out two concerns that I have with the court's writing and why certain language of the opinion ought not be misinterpreted.
¶ 60. First, the court's opinion could be read to suggest that when a committed person relies in a petition for discharge on the opinion of an evaluating *641 psychologist that has already been rejected by a trier of fact, only an appropriate change to the evaluating psychologist's "ultimate conclusion or overall risk assessment" can entitle that person to a discharge hearing under Wis. Stat. § 980.09. I cannot accept such an interpretation because doing so would be to write a limitation in the statute. To be clear, the plain language of the relevant statute can entitle a person to a discharge hearing if the petition presents "facts from which the court or jury may conclude that the person does not meet the criteria for commitment as a sexually violent person." Wis. Stat. § 980.09(2).
¶ 61. If the court's opinion were read to require what it might seem to suggest, committed persons like Talley would be required to show more than the statute requires. Dr. Elwood has already concluded that Talley would not more likely than not commit another sexually violent offense and is not a sexually violent person. In the future, new facts strongly suggesting that Talley does not meet the criteria for commitment may develop. These facts, logically, might not change Dr. Elwood's conclusion that Talley would not more likely than not commit another sexually violent offense and is not a sexually violent person. I am concerned that the court's opinion could be read to preclude a discharge hearing under those circumstances, merely because Dr. Elwood's "ultimate conclusion or overall risk assessment" had not changed. While a change to an evaluating psychologist's "ultimate conclusion or overall risk assessment" is certainly relevant to the question of whether Wis. Stat. § 980.09(2) has been met, such a change is not a necessary condition of fulfillment of the statutory threshold.
¶ 62. Second, the court's opinion ought not be read to weigh evidence unfavorable to Talley as part of *642 its inquiry into whether Talley is entitled to a discharge hearing under Wis. Stat. § 980.09(2), contrary to case law. Our discussion in Arends explains the proper analysis:
We reject the State's argument that the circuit court may weigh evidence favoring the petitioner directly against evidence disfavoring the petitioner. This is impermissible because the standard is not whether the evidence more heavily favors the petitioner, but whether the enumerated items contain facts that would allow a factfinder to grant relief for the petitioner. If the enumerated items do contain such facts, the presence of evidence unfavorable to the petitioner—a re-examination report reaching a conclusion that the petitioner was still more likely than not to sexually reoffend, for example—does not negate the favorable facts upon which a trier of fact might reasonably rely.
State v. Arends, 2010 WI 46, ¶ 40, 325 Wis. 2d 1, 784 N.W.2d 513 (footnote omitted).
¶ 63. I doubt the court intends either of the potential defects I have identified. However, the possibility of confusion remains. Thus, for the foregoing reasons, I respectfully concur and write to clarify these areas of concern so that the opinion of the court is not misinterpreted.
¶ 64. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this concurrence.